1    Mark P. Kindall (State Bar No. 138703)
2    Robert A. Izard (*pro hac vice forthcoming*)
     Jeffrey S. Nobel (*pro hac vice forthcoming*)
3    Nicole A. Veno (*pro hac vice forthcoming*)
     IZARD NOBEL LLP
4    29 South Main Street, Suite 305
     West Hartford, CT 06107
5    Telephone: (860) 493-6292
     Facsimile: (860) 493-6290
6    mkindall@izardnobel.com
     rizard@izardnobel.com
7    jnobel@izardnobel.com
     nveno@izardnobel.com
8
9    *Attorneys for Plaintiffs*
10   *Additional counsel on signature page*
11
12                   UNITED STATES DISTRICT COURT
13                  CENTRAL DISTRICT OF CALIFORNIA
14             ED CV 13 - 01316 GAF (OPx)
15   JULIE FAGAN, MICHAEL FAGAN, AMY
     SAPEIKA and SHELLEY TRINCHERO,          No.
16   Individually and on Behalf of All Others Similarly
     Situated,
17                                           CLASS ACTION COMPLAINT
                                Plaintiffs,
18          vs.                              DEMAND FOR JURY TRIAL
19   NEUTROGENA CORPORATION,
20                                Defendant.
21
22
23
24
25
26
27
28
                                    1
                        CLASS ACTION COMPLAINT

2013 JUL 29 PM 3:48
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY:
FILED

1    Plaintiffs, by their attorneys, on behalf of themselves and all others similarly situated,

2 make the following allegations pursuant to the investigation of their counsel and based on

3 information and belief, except as to allegations pertaining to personal knowledge as to

4 themselves.  Plaintiffs believe that substantial additional evidentiary support exists for the

5 allegations set forth herein and will be available after a reasonable opportunity for discovery.

6                                    **INTRODUCTION**

7    1.    Neutrogena Corporation ("Defendant" or "Neutrogena") manufactures, sells, and

8 distributes its Neutrogena Pure & Free® sunscreen products (the "Products"), three of which are

9 marketed for use on babies, using a marketing and advertising campaign that is centered around

10 claims that the Products contain "100% naturally sourced sunscreen ingredients," "naturally-

11 sourced sunscreen ingredients" or "100% naturally sourced sunscreens."[1]

12    2.    The specific Products at issue are:

13        a.    Pure & Free® Baby Faces Ultra Gentle Cream Sunblock Broad Spectrum SPF

14            45+ and SPF 50+;[2]

15        b.    Pure & Free® Baby Sunscreen Stick Broad Spectrum SPF 60+;

16        c.    Pure & Free® Baby Sunscreen Broad Spectrum SPF 60+;[3] and

17        d.    Pure & Free® Liquid Sunscreen Broad Spectrum SPF 50.

18    3.    This action seeks to remedy the unfair and deceptive business practices arising

19 from the marketing and sale of the Products as "Natural."  The Products' Principal Display

20

21    [1] Natural is defined as "existing in or produced by nature: not artificial." http://www.merriam-webster.com/dictionary/natural.  Source is defined as "a point or origin or procurement."  When

22 used as a verb, it is defined as "to obtain from a source." www.merriam-webster.com/dictionary/source.  The FDA has not defined the term "natural" in the context of

23 cosmetics. To the contrary, on December 14, 2012, the FDA affirmed that "proceedings to define the term "natural" do not fit within [its] current health and safety priorities." Appellants' Motion

24 to take Judicial Notice, Exhibit A at 3 *Astiana v. The Hain Celestial Group,* (No. 12-cv-17596) (9th Cir. March 22, 2013).

25    [2] Both Baby Faces Ultra Gentle Cream Sunblock SPF formulations contain identical ingredients.

26    [3] Upon information and belief, the representation on this product was changed from "100%

27 naturally sourced sunscreen ingredients" to "naturally-sourced sourced sunscreen ingredients" in Spring 2013.

28

Panels (PDPs) state, "100% naturally sourced sunscreen ingredients," "naturally-sourced sunscreen ingredients" or "100% naturally sourced sunscreens." These statements are false and misleading to a reasonable consumer because, as set forth more fully herein, the Products are not naturally-sourced and instead contain unnatural, synthetic ingredients.

4.      Plaintiffs and the Class paid a premium for the Products over comparable sunscreen products that did not purport to be naturally sourced. Contrary to Defendant's representations, instead of receiving a naturally sourced product, they received products that contained unnatural synthetic ingredients.

5.      Defendant's false representations and advertising that the Products contain "100% naturally sourced sunscreen ingredients," "naturally-sourced sunscreen ingredients" or "100% naturally sourced sunscreens" constitutes unfair, unlawful, and fraudulent conduct, is likely to deceive members of the public, is unethical, oppressive, unscrupulous, and/or substantially injurious to consumers, and violates California's legislatively declared policy against misrepresenting the characteristics of goods and services. As such, Defendant's practices violate California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* (hereinafter, the "CLRA") and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* (hereinafter, the "UCL"). Accordingly, pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiffs seek an order enjoining Defendant's acts of unfair competition and awarding restitution and other appropriate relief to the individual victims of Defendant's unfair and deceptive practices. Plaintiffs intend to seek damages under the CLRA in a future amendment to this complaint.

## JURISDICTION AND VENUE

6.      This Court has original jurisdiction over the claims asserted herein individually and on behalf of the Class pursuant to 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005. Subject matter jurisdiction is proper because: (1) the amount in controversy in this class action exceeds five million dollars, exclusive of interest and costs; and (2) a substantial number of the members of the proposed class are citizens of a state different from that of Defendant. Personal jurisdiction is proper as Defendant is domiciled in California

1   and has purposefully availed itself of the privilege of conducting business activities within the

2   State of California.

3       7.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant is a

4   resident of this district.  Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2) because a

5   substantial part of the events or omissions giving rise to the claim occurred in this District.

6                                           **PARTIES**

7       8.      Plaintiff Julia Fagan is a resident of Sunnyvale, California and an individual

8   consumer.  Plaintiff purchased at least three Pure & Free® Baby Sunscreen Broad Spectrum SPF

9   60+ products[5] and one Pure & Free® Baby Sunscreen Stick Broad Spectrum SPF 60+ product

10  between 2012 and 2013 at Walgreens, 303 2nd Street, Los Altos, CA 94022, Walgreens, 121 E El

11  Camino Real, Mountain View, CA, 94040, and Walgreens, 1306 S. Mary Ave, Sunnyvale, CA

12  94087.  Plaintiff viewed the product label set forth in Paragraph 15 before her purchase, relied on

13  the phrases, "100% naturally sourced sunscreen ingredients" and "naturally-sourced sunscreen

14  ingredients" when purchasing the products and paid a premium over comparable products that do

15  not purport to be naturally sourced.

16      9.      Plaintiff Michael Fagan is a resident of Sunnyvale, California and an individual

17  consumer.  Plaintiff purchased Pure & Free® Baby Sunscreen Broad Spectrum SPF 60+ for a

18  price of $16.49/3 oz on July 5, 2013 at Walgreens, 303 2nd Street, Los Altos, CA 94022.

19  Plaintiff additionally purchased Pure & Free® Baby Sunscreen Broad Spectrum SPF 60+ at the

20  same Walgreens store in approximately April 2013.  Plaintiff viewed the product label set forth

21  in Paragraph 15 before his purchase, relied on the phrases, "100% naturally sourced sunscreen

22  ingredients" and/or "naturally-sourced sunscreen ingredients" when purchasing the products and

23  paid a premium over comparable products that do not purport to be naturally sourced.

24

25

26  [5] Plaintiff purchased Pure & Free® Baby Sunscreen Broad Spectrum SPF 60+ products labeled

27  both "100% naturally-sourced sunscreen ingredients" and "naturally-sourced sunscreen
    ingredients."

28

10.     Plaintiff Amy Sapeika is a resident of Birmingham, MI and an individual consumer.  Plaintiff purchased four Pure & Free® Baby Sunscreen Broad Spectrum SPF 60+[7] products for a price of $10.99/3 oz each and one Pure & Free® Baby Sunscreen Stick Broad Spectrum SPF 60+ product for a price of $8.79/.5 oz at Target, 2400 S Telegraph Road, Bloomfield Hills, MI, 48302 on May 9, 2013.  Plaintiff additionally purchased one Pure & Free® Baby Sunscreen Broad Spectrum SPF 60+ product and one Pure & Free® Baby Sunscreen Stick Broad Spectrum SPF 60+[8] product at the same Target store in 2012.  Plaintiff reviewed the product labels set forth in paragraph 15 before her purchase, relied on the representations "100% naturally sourced sunscreen ingredients" and "naturally-sourced sunscreen ingredients," and paid a premium for the Products over comparable products that do not purport to be naturally sourced.

11.     Plaintiff Shelley Trinchero is a resident of Santa Cruz, CA and an individual consumer.  Plaintiff purchased Pure & Free® Liquid Sunscreen Broad Spectrum SPF 50 in September 2011 at CVS, 1750 41st Avenue, Capitola, CA 95010 or Rite-Aid, 1475 41st Avenue, Capitola, CA 95010.  Plaintiff reviewed the product labels set forth in paragraph 15 before her purchase, relied on the representation "100% naturally sourced sunscreens," and paid a premium for the Products over comparable products that do not purport to be naturally sourced.

12.     Defendant Neutrogena Corporation is a Delaware Corporation headquartered at 5760 W. 96th Street, Los Angeles, California 90045.  Defendant distributes, markets, and sells the Products throughout the United States in pharmacies, supermarkets and other retailers.  Upon information and belief, Defendant's conduct giving rise to the claims set forth herein, including the manufacturing, labeling, and advertising of the Products takes place in California.

---

[7] This Pure & Free® Baby Sunscreen Broad Spectrum SPF 60+ product was labeled "naturally-sourced sunscreen ingredients."

[8] This Pure & Free® Baby Sunscreen Broad Spectrum SPF 60+ product was labeled "100% naturally sourced sunscreen ingredients."

## SUBSTANTIVE ALLEGATIONS

13.    Consumers have become increasingly concerned about the effects of synthetic and chemical ingredients in food, cleaning, bath and beauty, and everyday household products. Companies such as Neutrogena have capitalized on consumer appetite for "natural products." Indeed, consumers are willing to pay, and have paid, a premium for products branded "natural" over ordinary products that contain synthetic ingredients. In 2010, for example, nationwide sales of natural products totaled $117 billion.[9]

14.    Neutrogena is a brand of skincare, hair care, and cosmetic products manufactured and marketed by Neutrogena Corporation sold in drugstores, grocery stores and discount stores nationwide. Neutrogena manufactures approximately thirty seven varieties of sunscreen, four of which comprise the "Pure & Free" line. Defendant touts the purportedly "natural" protection from the Products on its website and specifically represents that this "natural" protection is what makes the Products superior to "other leading baby sunblocks." For example, its Pure & Free® baby sunscreen page[10] misleadingly explains,

A baby's skin is 10 times more sensitive to the environment.

With a thinner skin and a developing natural protection system, a baby's skin needs special protection from the sun and irritating chemicals. That's why Neutrogena created Pure & Free® Baby sunscreen. Unlike other leading baby sunblocks, it has 100% naturally-sourced sunscreen ingredients.



Powerful sunscreens that come from nature.

**pure**SCREEN®



Only Pure & Free® Baby sunscreen protects with PURESCREEN®, a powerful blend of physical sunscreens known to be gentle on sensitive skin. It forms a protective barrier over delicate skin, reflecting and scattering harmful UVA/UVB rays before they have a chance to even touch your baby.

---

[9] http://www.npainfo.org/NPA/About_NPA/NPA/AboutNPA/AbouttheNaturalProductsAssociation.aspx?hkey=8d3a15ab-f44f-4473-aa6e-ba27ccebcbb8

[10] http://www.neutrogena.com/category/sun/pure+-+free-+baby.do

15.     Defendant falsely represents that the Products contain only naturally sourced ingredients.  The PDP of each Product  states, "100% naturally sourced sunscreen ingredients," "100% naturally sourced sunscreens" or "naturally-sourced sunscreen ingredients:"



16.     Based on the language that appears on the PDP of each Product, "100% naturally sourced sunscreens," "100% naturally sourced sunscreen ingredients" or "naturally-sourced sunscreen ingredients," Plaintiffs reasonably believed the Products contained only natural ingredients.

17.     The phrases "100% naturally sourced sunscreens," "100% naturally sourced sunscreen ingredients" and "naturally-sourced sunscreen ingredients" constitute representations to a reasonable consumer that the Products contain only natural ingredients.  These phrases are misleading to a reasonable consumer because the Products actually contain numerous unnatural, synthetic ingredients.

18.     In fact, in direct contradiction to Defendant's representations, the Products contain irritating chemicals such as Retinyl Palmitate and Tocopheryl Acetate.

19.     Additionally, Neutrogena Pure & Free® Liquid Sunscreen SPF 50, the one product in the Pure & Free® product line marketed to adults, contains Dmdm Hydantoin, an antimicrobial preservative that releases formaldehyde.[11]

20.     Defendant's false and misleading representations are particularly egregious because three of the four products in the Pure & Free ® product line are marketed for use on babies.  As Defendant states on its website, "[w]ith a thinner skin and a developing natural protection system,  a baby's skin needs special protection from the sun and irritating chemicals."

## THE UNNATURAL INGREDIENTS

21.     In direct contradiction of Defendant's misrepresentations, the Products contain the following unnatural ingredients:

a.  **Pure & Free® Baby Sunscreen Broad Spectrum SPF 60+** contains the following unnatural synthetic ingredients:

    i.  *Arachidyl Alcohol* – a synthetic emulsion stabilizer;[12]

    ii.  *Arachidyl Glucoside* – a synthetic surfactant;[13]

    iii.  *BHT*– a synthetic preservative with limited evidence of carcinogenicity;[14]

    iv.  *Butylene Glycol* – a synthetic solvent and conditioning agent;[15]

    v.  *Cetyl Dimethicone* – a synthetic silicon-based polymer;[16]

    vi.  *Dimethicone* – a synthetic silicone-based polymer used as a lubricant and conditioning agent;[17]

---

[11] http://www.ewg.org/skindeep/ingredient/702196/DMDM_HYDANTOIN/

[12] http://www.ewg.org/skindeep/ingredient/700476/ARACHIDYL_ALCOHOL/

[13] http://www.ewg.org/skindeep/ingredient/700479/ARACHIDYL_GLUCOSIDE/

[14] http://www.ewg.org/skindeep/ingredient/700741/BHT/

[15] http://www.ewg.org/skindeep/ingredient/700861/BUTYLENE_GLYCOL/

[16] http://www.ewg.org/skindeep/ingredient/701266/CETYL_DIMETHICONE/

[17] http://www.ewg.org/skindeep/ingredient/702011/DIMETHICONE/

vii. ***Dimethicone PEG-8 Laurate*** – a synthetic skin conditioning agent with contamination hazards from carcinogens ethylene oxide and 1,4 dioxane;[18]

viii. ***Disodium EDTA*** – a synthetic chelating agent;[19]

ix. ***Ethylhexylglycerin*** – a synthetic preservative and skin conditioning agent;[20]

x. ***Glyceryl Stearate*** – a synthetic surfactant and emulsifying agent;[21]

xi. ***Hydroxyethyl Acrylate/Sodium Acryloyldimethyl Taurate Copolymer*** – a synthetic emulsion stabilizer and opacifying agent;[22]

xii. ***Isohexadecane*** – a synthetic skin conditioning agent and emollient;[23]

xiii. ***Methicone*** – a synthetic skin conditioning agent and emollient;[24]

xiv. ***Methylisothiazolinone*** – a synthetic preservative that has been associated with allergic reactions. Some studies suggest methylisothiazolinone may be neurotoxic;[25]

xv. ***Peg-100 Stearate*** – a synthetic surfactant with contamination hazards from carcinogens ethylene oxide and 1,4 dioxane;[26]

xvi. ***PEG-8*** – a synthetic humectant and solvent with contamination hazards from carcinogens ethylene oxide and 1,4 dioxane;[27]

---

[18] http://www.ewg.org/skindeep/ingredient/718524/DIMETHICONE_PEG-8_LAURATE/

[19] http://www.ewg.org/skindeep/ingredient/702146/DISODIUM_EDTA/

[20] http://www.ewg.org/skindeep/ingredient/702352/ETHYLHEXYLGLYCERIN/

[21] http://www.ewg.org/skindeep/ingredient/702658/GLYCERYL_STEARATE_SE/

[22] http://www.ewg.org/skindeep/ingredient/703053/HYDROXYETHYL_ACRYLATE/_SODIUM_ACRYLOYLDIMETHYL_TAURATE_COPOLYMER/

[23] http://www.ewg.org/skindeep/ingredient/703183/ISOHEXADECANE/

[24] http://www.ewg.org/skindeep/ingredient/703873/METHICONE/

[25] http://www.ewg.org/skindeep/ingredient.php?ingred06=703935

[26] http://www.ewg.org/skindeep/ingredient/721388/PEG-100_STEARATE/

[27] http://www.ewg.org/skindeep/ingredient/704655/PEG-8/

xvii.   ***Polyaminopropyl Biguanide*** – a synthetic preservative;[28]

xviii.  ***Polyhydroxystearic Acid*** – a synthetic suspending agent;[29]

xix.    ***Polymethyl Methacrylate*** – a synthetic polymer;[30]

xx.     ***Polysorbate 60*** – a synthetic emulsifier and surfactant with contamination hazards from carcinogens ethylene oxide and 1,4 dioxane;[31]

xxi.    ***Retinyl Palmitate*** – a synthetic skin conditioning agent. When exposed to UV light it can produce free radicals that can damage DNA and cause gene mutations. Studies have linked retinyl palmitate exposed to UV light to cancer and have raised concerns that prolonged exposure may be toxic to a developing fetus;[32]

xxii.   ***Styrene/Acrylates Copolymer*** – a synthetic film-former with contamination hazards from methacrylic acid, acrylic acid, 2-ethylhexyl acrylate;[33]

xxiii.  ***Tocopheryl Acetate*** – a synthetic skin conditioning agent with contamination hazards from hydroquinone,[34] a chemical that may increase the risk of skin cancer when exposed to UV light;[35] and

xxiv.   ***Trimethylsiloxysilicate*** – a synthetic silicone-based polymer.[36]

---

[28] http://www.ewg.org/skindeep/ingredient/704962/POLYAMINOPROPYL_BIGUANIDE/

[29] http://www.ewg.org/skindeep/ingredient/705059/POLYHYDROXYSTEARIC_ACID/

[30] http://www.ewg.org/skindeep/ingredient/705070/POLYMETHYL_METHACRYLATE/

[31] http://www.ewg.org/skindeep/ingredient/705139/POLYSORBATE-60/

[32] http://www.ewg.org/skindeep/ingredient/705545/RETINYL_PALMITATE_(VITAMIN_A_PALMITATE)/

[33] http://www.ewg.org/skindeep/ingredient/706353/STYRENE%3B%3B_ACRYLATES_COPOLYMER/

[34] http://www.ewg.org/skindeep/ingredient/706569/TOCOPHERYL_ACETATE/

[35] http://safecosmetics.org/article.php?id=289

[36] http://www.ewg.org/skindeep/ingredient/706697/TRIMETHYLSILOXYSILICATE/

CLASS ACTION COMPLAINT

b. **Pure & Free® Liquid Sunscreen Broad Spectrum SPF 50** contains the following unnatural, synthetic ingredients:

    i. ***BHT*** – see paragraph 21(a)(iii);

    ii. ***C12-15 Alkyl Benzoate*** – a synthetic skin conditioning agent;[37]

    iii. ***Cetyl Peg/Ppg-10/1 Dimethicone*** – a synthetic skin conditioning agent with contamination hazards from 1,4 dioxane and ethylene dioxide;[38]

    iv. ***Dimethicone*** – see paragraph 21(a)(vi);

    v. ***Dmdm Hydantoin*** – a synthetic antimicrobial preservative that releases formaldehyde;[39]

    vi. ***Polyglyceryl-4 Diisostearate/Polyhydroxystearate/Sebacate*** – a synthetic surfactant;[40]

    vii. ***Ppg-12/Smdi Copolymer*** – a synthetic film former;[41]

    viii. ***Triethoxycaprylylsilane*** – a synthetic silicone-based binder;[42] and

    ix. ***Trisiloxane*** - a synthetic antifoaming agent.[43]

c. **Pure & Free® Baby Sunscreen Stick Broad Spectrum SPF 60+** contains the following unnatural synthetic ingredients:

    i. ***BHT*** – see paragraph 21(a)(iii);

    ii. ***Butyloctyl Salicylate*** – a synthetic skin conditioning agent;[44]

---

[37] http://www.ewg.org/skindeep/ingredient/700898/C12-15_ALKYL_BENZOATE/

[38] http://www.ewg.org/skindeep/ingredient/701277/CETYL_PEG%3B%3B_PPG-10%3B%3B_1_DIMETHICONE/#

[39] http://www.ewg.org/skindeep/ingredient/702196/DMDM_HYDANTOIN/

[40] http://www.cosmeticanalysis.com/cosmetic-ingredients/polyglyceryl-4-diisostearate-polyhydroxystearate-sebacate.html

[41] http://www.ewg.org/skindeep/ingredient/705246/PPG-12%3B%3B_SMDI_COPOLYMER/

[42] http://www.ewg.org/skindeep/ingredient/706643/TRIETHOXYCAPRYLYLSILANE/

[43] http://www.ewg.org/skindeep/ingredient/706714/TRISILOXANE/

[44] http://www.ewg.org/skindeep/ingredient/700867/BUTYLOCTYL_SALICYLATE/

  iii. ***C12 15 Alkyl Benzoate*** – see paragraph 21(b)(ii);

  iv. ***Isostearic Acid*** – a synthetic binder and surfactant;[45]

  v. ***Polyethylene*** – a synthetic emulsion stabilizer with contamination hazards from 1,4 dioxane; and

  vi. ***Triethoxycaprylylsilane*** – see paragraph 21(b)(viii).

 a. **Pure & Free® Baby Faces Ultra Gentle Sunblock Broad Spectrum SPF 50+ and SPF 45+** contain the following unnatural synthetic ingredients:

  vii. ***C12 15 Alcohol Benzoate*** – see paragraph 21(b)(ii);

  viii. ***Carbomer*** – a synthetic emulsion stabilizer;[46]

  ix. ***Cetyl Dimethicone*** – see paragraph 21(b)(v);

  x. ***Cetyl Hydroxyethylcellulose*** – a synthetic emulsion stabilizer;[47]

  xi. ***Cetyl PEG/PPG 10/1 Dimethicone*** – see paragraph 21(b)(iii);

  xii. ***Dimethicone Crosspolymer*** – a synthetic emulsion stabilizer;[48]

  xiii. ***Dimethicone*** – see paragraph 21(a)(vi);

  xiv. ***Dimethicone/Vinyl Dimethicone Crosspolymer*** – a synthetic viscosity increasing agent;[49]

  xv. ***Disodium Phosphate*** – a synthetic buffering agent;[50]

  xvi. ***Ethylhexylglycerin*** – see paragraph 21(a)(ix);

  xvii. ***Hexyl Laurate*** – a synthetic skin conditioning agent;[51]

---

[45] http://www.ewg.org/skindeep/ingredient/703222/ISOSTEARIC_ACID/

[46] http://www.ewg.org/skindeep/ingredient/701088/CARBOMER/

[47] http://www.ewg.org/skindeep/ingredient/701271/CETYL_HYDROXYETHYLCELLULOSE/

[48] http://www.ewg.org/skindeep/ingredient/702028/DIMETHICONE_CROSSPOLYMER/

[49] http://www.ewg.org/skindeep/ingredient/702043/DIMETHICONE%3B%3B_VINYL_DIMETHICONE_CROSSPOLYMER/

[50] http://www.ewg.org/skindeep/ingredient/702161/DISODIUM_PHOSPHATE/

[51] http://www.ewg.org/skindeep/ingredient/702842/HEXYL_LAURATE/

xviii.  **Isopropyl Myristate** – a synthetic binder;[52]

xix.  **Phenoxyethanol** – a synthetic preservative;[53]

xx.  **Polyglyceryl 4 Isostearate** – a synthetic skin conditioning agent;[54]

xxi.  **Styrene/Acrylates Copolymer** – see paragraph 21(a)(xxii); and

xxii.  **Triethoxycaprylylsilane** – see paragraph 21(b)(viii).

22.     Upon information and belief, all of the sales and marketing concepts, plans, communications and materials concerning the Products were conceived of, written, approved and implemented by Defendant's employees located at Defendant's headquarters in Los Angeles, California.  In particular, the misrepresentations on the PDPs alleged above were conceived of, written and approved and implemented by Defendant's employees located at Defendant's headquarters in Los Angeles, California.  The employees responsible for the marketing of Neutrogena brand products, including Brand Managers and the Product Director are located at Defendant's headquarters in Los Angeles, California.  Accordingly, the alleged acts and practices relevant to this litigation emanated from Defendant's headquarters in Los Angeles, California.  Moreover, upon information and belief, Defendant receives substantial revenues from the sale of the Products in California.

23.     As set forth herein, Plaintiffs and the class suffered an ascertainable loss in at least the following amounts, in that they paid a premium for the Products over comparable products[55] that are not marketed as natural:

---

[52] http://www.ewg.org/skindeep/ingredient/703206/ISOPROPYL_MYRISTATE/#

[53] http://www.ewg.org/skindeep/ingredient/704811/PHENOXYETHANOL/

[54] http://www.ewg.org/skindeep/ingredient/705036/POLYGLYCERYL-4_ISOSTEARATE/

[55] The comparable products are sold in many of the same stores and are used for the same purpose as the Products. Additionally, the comparable products contain many of the same ingredients as the Products. Coppertone Water Babies Pure & Simple Sunscreen Lotion SPF 50, Pure & Free ® Baby Sunscreen Broad Spectrum SPF 60+ and Pure & Free® Baby Faces Ultra Gentle Sunblock Broad Spectrum SPF 50+ and 45+ all contain zinc oxide and triethoxycaprylylsilane. Coppertone Water Babies Sunscreen Stick SPF 55 and Pure & Free ® Baby Sunscreen Broad Spectrum  SPF 60+ both contain beeswax and ozokerite.  Neutrogena Sheer Dry-Touch Sunscreen Broad Spectrum SPF 55 and Neutrogena Pure & Free Liquid Sunscreen SPF 50 both contain BHT, trimethylsiloxysilicate and dimethicone.

| Mislabeled natural product | Pure & Free ® Baby Sunscreen Broad Spectrum SPF 60+ ($10.99/3oz )[56] **Price per ounce** | $3.66 |
|---|---|---|
| **Comparable unnatural product** | Coppertone Water Babies Pure & Simple Sunscreen Lotion SPF 50 ($10.99/8 oz)[57] **Price per ounce** | $1.37 |
| | Premium paid per ounce | $2.29 |
| | ***Premium paid per 3 oz product*** | ***$6.87*** |

| **Mislabeled natural product** | Pure & Free® Baby Sunscreen Stick Broad Spectrum SPF 60+ ($8.99/.47 oz)[58] **Price per ounce** | $19.13 |
|---|---|---|
| **Comparable unnatural product** | Coppertone Water Babies Sunscreen Stick SPF 55 ($4.99/.6 oz)[59] **Price per ounce** | $8.32 |
| | Premium paid per ounce | $10.81 |
| | ***Premium paid per .47 oz product*** | ***$5.08*** |

| **Mislabeled natural product** | Pure & Free® Baby Faces Ultra Gentle Sunblock Broad Spectrum SPF 50+[60] and SPF 45+[61]($11.49/2.5 oz | $4.60 |
|---|---|---|

---

[56]http://www.drugstore.com/neutrogena-pure-and-free-baby-sunblock-spf-60-lotion/qxp211762?catid=184131

[57]http://www.drugstore.com/coppertone-water-babies-pure-and-simple-sunscreen-lotion-spf-50/qxp213377?catid=184131

[58]http://www.drugstore.com/neutrogena-pure-and-free-baby-sunblock-spf-60-stick/qxp211763?catid=184131

[59]http://www.drugstore.com/coppertone-water-babies-sunscreen-stick-spf-55/qxp249022?catid=184131

[60]http://www.drugstore.com/neutrogena-pure-and-free-baby-faces-spf-50/qxp389208?catid=184131

[61]http://www.neutrogena.com/product/pure+-+free-+baby+faces+ultra+gentle+sunscreen+broad+spectrum+spf+45-.do?sortby=ourPicks

CLASS ACTION COMPLAINT

| | Price per ounce | |
|---|---|---|
| **Comparable unnatural product** | Coppertone Water Babies Pure & Simple Sunscreen Lotion SPF 50 ($10.99/8 oz)[62] **Price per ounce** | $1.37 |
| | Premium paid per ounce | $3.23 |
| | ***Premium paid per 2.5 oz product*** | ***$8.08*** |

| | | |
|---|---|---|
| **Mislabeled natural product** | Neutrogena Pure & Free Liquid Sunscreen SPF 50 ($12.99/1.4 oz)[63] **Price per ounce** | $9.28 |
| **Comparable unnatural product** | Neutrogena Sheer Dry-Touch Sunscreen Broad Spectrum SPF 55 ($10.69/3oz), **Price per ounce** | $3.56 |
| | Premium paid per ounce | $5.72 |
| | ***Premium paid per 1.4 oz product*** | ***$8.01*** |

## CLASS ACTION ALLEGATIONS

24.    Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and the Classes (the "Classes") defined as follows:

a.   All purchasers of the Products in the United States.  Specifically excluded from this Class are Defendant; the officers, directors or employees of Defendant; any entity in which Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of Defendant.  Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family (the "Nationwide Class"); in the alternative,

b.   All purchasers of the Products in the States of Alabama, Alaska, Arkansas, California, Connecticut, Delaware, Florida, Hawaii, Illinois, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Missouri, Montana, Nebraska, New Hampshire, New Jersey, New York, North

---

[62]http://www.drugstore.com/coppertone-water-babies-pure-and-simple-sunscreen-lotion-spf-50/qxp213377?catid=184131

[63]http://www.drugstore.com/neutrogena-pure-and-free-liquid-daily-sunscreen-spf-50/qxp328504?catid=184131

Carolina, Ohio, Rhode Island, South Carolina, Tennessee, Vermont, Washington, West Virginia, Wisconsin and the District of Columbia. Specifically excluded from this Class are Defendant; the officers, directors or employees of Defendant; any entity in which Defendant has a controlling interest; any affiliate, legal representative, heir or assign of Defendant; the judge to whom this case is assigned and any member of the judge's immediate family (the "Count IV Class"); in the alternative,

c. All purchasers of the Products in the States of Alaska, Arkansas, California, Connecticut, Delaware, Florida, Hawaii, Illinois, Kentucky, Maine, Maryland, Massachusetts, Michigan, Missouri, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Ohio, Rhode Island, Vermont, Washington, West Virginia, Wisconsin and the District of Columbia. Specifically excluded from this Class are Defendant; the officers, directors or employees of Defendant; any entity in which Defendant has a controlling interest; any affiliate, legal representative, heir or assign of Defendant; the judge to whom this case is assigned and any member of the judge's immediate family (the "Count III Class").

25. Plaintiff Amy Sapeika seeks to represent the following Subclass:

All purchasers of the Products in the State of Michigan. Specifically excluded from this Class are Defendant; the officers, directors or employees of Defendant; any entity in which Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of Defendant. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family (the "Michigan Subclass").

26. Plaintiffs Julia and Michael Fagan and Shelley Trinchero seek to represent the following Subclass:

a. All purchasers of the Products in the State of California. Specifically excluded from this Class are Defendant; the officers, directors or employees of Defendant; any entity in which Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of Defendant. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family (the "California Subclass").

27. The Classes and Subclasses are sufficiently numerous, as the Products are sold in thousands of stores and they include thousands of persons who have purchased the Products.

28. There are questions of law and fact common to the Classes and Subclasses and these questions predominate over questions affecting only individual Class and Subclass members. Common legal and factual questions include, but are not limited to:

a.  whether Defendant advertises or markets the Products in a way that is unfair, deceptive, false or misleading to a reasonable consumer;

b.  whether, by the misconduct set forth in this Complaint, Defendant has engaged in unfair, deceptive, or unlawful business practices with respect to the advertising, marketing, and sales of its Products;

c.  whether Defendant's conduct constitutes fraudulent, unfair, or unlawful conduct; and

d.  whether, as a result of Defendant's misconduct alleged herein, Plaintiffs and the Classes and Subclasses are entitled to restitution, injunctive and/or other monetary relief.

29.    Plaintiffs will fairly and adequately represent the Classes and Subclasses and have retained counsel experienced and competent in the prosecution of consumer and class action litigation. Plaintiffs have no interests antagonistic to those of other members of the Classes or Subclasses. Plaintiffs are committed to the vigorous prosecution of this action and have retained counsel experienced in litigation of this nature to represent them. Plaintiffs anticipate no difficulty in the management of this litigation as a class action.

30.    Plaintiffs' claims are typical of the claims of the members of the Classes and Subclasses as all members of the Classes and Subclasses are similarly affected by Defendant's wrongful conduct.

31.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Because of the amount of the individual Class and Subclass members' claims relative to the complexity of the litigation and the financial resources of the Defendant, few, if any, members of the Classes and Subclasses would seek legal redress individually for the wrongs complained of here. Absent a class action, Class members will continue to suffer damages and Defendant's misconduct will proceed without remedy.

**FIRST CAUSE OF ACTION**
**(Violation of the Unfair Competition Law (the "UCL") Cal.**
**Bus. & Prof. Code §17200, *et seq*. Based on Fraudulent,**
**Unlawful and Unfair Acts and Practices brought by Plaintiffs on**
**behalf of the Nationwide Class, and, in the alternative,**
**brought by Plaintiffs Julia and Michael Fagan and Shelley Trinchero on behalf**
**of the California Subclass)**

32.    The foregoing allegations are realleged and incorporated by reference as if fully set forth herein.

33.    Under the UCL, "any unlawful, unfair or fraudulent business act or practice" constitutes unfair competition.

*Fraudulent Acts and Practices*

34.    Any business act or practice that is likely to deceive members of the public constitutes a fraudulent business act or practice under the UCL.

35.    Defendant has engaged, and continues to engage, in conduct that is likely to deceive members of the public.  This conduct includes, but is not limited to, representing that the Products contained "100% naturally sourced sunscreen ingredients," "naturally-sourced sunscreen ingredients" or "100% naturally sourced sunscreens," leading consumers to believe the Products contained only natural ingredients.

36.    By committing the acts alleged above, Defendant has engaged in fraudulent business acts and practices, which constitute unfair competition within the meaning of Business & Professions Code §17200.

*Unlawful Acts and Practices*

37.    The violation of any law constitutes an unlawful business practice under Business & Professions Code §17200.

38.    Defendant's conduct violates Section 5 of the Federal Trade Commission ("FTC") Act, 15 U.S.C. § 45, which prohibits unfair methods of competition and unfair or deceptive acts or practices in or affecting commerce.  By representing that the Products contain "100% naturally sourced sunscreen ingredients," "naturally-sourced sunscreen ingredients" or "100% naturally sourced sunscreens," when, in fact, the products contain numerous synthetic

CLASS ACTION COMPLAINT

1  ingredients, Defendant violated Section 5 of the FTC Act.

2      39.    Defendant's conduct also violates Cal. Health & Safety Code §111730, which

3  prohibits the sale of any misbranded cosmetic product.  The Products, that bear labeling stating,

4  "100% naturally sourced sunscreen ingredients," "naturally-sourced sunscreen ingredients" or

5  "100% naturally sourced sunscreens" are "false and misleading in any particular" in violation of

6  Health & Safety Code §111730.

7      40.    By violating the FTC Act and/or Cal. Health and Safety Code §111730,

8  Defendant has engaged in unlawful business acts and practices which constitute unfair

9  competition within the meaning of Cal. Bus. & Prof. Code §17200.

10  *Unfair Acts and Practices*

11      41.    Any business practice that offends an established public policy or is immoral,

12  unethical, oppressive, unscrupulous, or substantially injurious to consumers constitutes an

13  "unfair" practice under the UCL.

14      42.    Defendant has engaged, and continues to engage, in unfair business practices.

15  This conduct includes representing that the Products contain "100% naturally sourced sunscreen

16  ingredients," "naturally-sourced sunscreen ingredients" or "100% naturally sourced sunscreens"

17  when, in fact, they contain numerous synthetic and unnatural ingredients.

18      43.    Defendant has engaged, and continues to engage, in conduct that violates the

19  legislatively declared policies of the FTC Act against committing unfair methods of competition

20  and unfair or deceptive acts or practices in or affecting commerce.  Defendant gains an unfair

21  advantage over its competitors, whose advertising for Products must comply with the FTC Act.

22      44.    Defendant's conduct, including misrepresenting the benefits of the Products, is

23  substantially injurious to consumers.  Such conduct has, and continues to cause, substantial

24  injury to consumers because consumers would not have paid such a high price for the Products

25  but for Defendant's false promotion that the Products are "naturally sourced."  Consumers have

26  thus overpaid for the Products and such injury is not outweighed by any countervailing benefits

27  to consumers or competition.

28

45.    No benefit to consumers or competition results from Defendant's conduct.  Since consumers reasonably rely on Defendant's representations of the products and injury results from ordinary use of the Products, consumers could not have reasonably avoided such injury.

46.    By committing the acts alleged above, Defendant has engaged in unfair business acts and practices which constitute unfair competition within the meaning of the UCL.

47.    As a result of the conduct described above, Defendant has been unjustly enriched at the expense of Plaintiffs, the Class, and the California Subclass.

48.    An action for injunctive relief and restitution is specifically authorized under Cal. Bus. & Prof. Code §17203.

49.    Wherefore, Plaintiffs pray for judgment against Defendant, as set forth hereafter.

**SECOND CAUSE OF ACTION**
**(Violation of the Consumers Legal Remedies Act (the "CLRA"),**
**Cal. Civ. Code §1750 *et seq.* on behalf of the Nationwide Class, and, in the alternative,**
**brought by Plaintiffs Julia and Michael Fagan and Shelley Trinchero on behalf of the**
**California Subclass)**

50.    The foregoing allegations are realleged and incorporated by reference as if fully set forth herein.

51.    Plaintiffs and each member of the Class and California Subclass are "consumers" within the meaning of Cal. Civ. Code §1761(d).

52.    The purchases of the Products constitute "transactions" within the meaning of Cal. Civ. Code §1761(e) and the Products offered by Defendant constitute "goods" within the meaning of Cal. Civ. Code §1761(a).

53.    The acts and practices of Defendant as described above were intended to deceive Plaintiffs and members of the Class as described herein, and have resulted, and will result, in damages to Plaintiffs, the Class and the California Subclass.  These actions violated and continue to violate the CLRA in at least the following respects:

a.    In violation of Section 1770(a)(5) of the CLRA, Defendant's acts and practices constitute representations that the Products have characteristics, uses and/or benefits which they do not;

b.      In violation of Section 1770(a)(7) of the CLRA, Defendant's acts and practices constitute representations that the Products are of a particular standard, grade or quality which they are not; and

c.      In violation of Section 1770(a)(9) of the CLRA, Defendant's acts and practices constitute the advertisement of the goods in question without the intent to sell them as advertised.

54.     By reason of the foregoing, Plaintiffs and the Class have suffered an ascertainable loss and damages.

55.     By committing the acts alleged above, Defendant has violated the CLRA.

56.     In compliance with the provisions of Cal. Civ. Code § 1782, Plaintiffs are providing written notice to Defendant concurrently with the filing of this Complaint regarding their intention to amend the Complaint to seek damages under Cal. Civ. Code § 1750, *et seq.*, unless Defendant offers appropriate consideration or other remedy to all affected consumers. Plaintiffs intend to amend this Complaint to seek damages pursuant to Cal. Civ. Code § 1781(a) should Defendant fail to adequately and fully compensate Plaintiffs and the Class.

57.     Plaintiffs and members of the Class and California Subclass are entitled to, pursuant to Cal. Civ. Code § 1780(1)(2), an order enjoining the above-described wrongful acts and practices of Defendant, and ordering the payment of costs and attorneys' fees and any other relief deemed appropriate and proper by the Court under Cal. Civ. Code § 1780.

58.     Wherefore, Plaintiffs pray for judgment against Defendant, as set forth hereafter.

### THIRD  CAUSE OF ACTION
**(Alternative Cause of Action Brought by Plaintiffs on Behalf of the Count III Class, for Violations of Certain State Consumer Protection Laws Where Class Members Reside, Where Those State Laws Do Not Materially Conflict with the CLRA and the UCL)**

59.     Plaintiffs restate the foregoing allegations as if alleged fully herein.

60.     Plaintiffs state this alternative cause of action under the laws of the states of residence of class members where these states' consumer protection laws do not materially differ and are not in actual conflict with the law of California.  Though this Count is pled under these

1  various state laws, Plaintiffs assert that, under choice of law rules, the absence of an actual

2  conflict with California law requires the ultimate application of California law.

3       61.    The practices discussed above all constitute unfair competition or unfair,

4  unconscionable, deceptive, or unlawful acts or business practices in violation of the following

5  state consumer protection statutes:[64]

6
7       a.   **Alaska Unfair Trade Practices and Consumer Protection Act**, Alaska Stat.
             § 45.50.471, *et seq.*;

8       b.   **Arkansas Deceptive Trade Practices Act**, Ark. Code Ann. § 4-88-101, *et seq.*;

9       c.   **California Consumer Legal Remedies Act**, Cal. Civ. Code § 1750 *et seq.*,
10           **California Unfair Competition Law,** Cal. Bus. & Prof. Code § 17200 *et seq.*;

11      d.   **Connecticut Unfair Trade Practices Act**, Conn. Gen. Stat. § 42-110a, *et seq.*;

12      e.   **Delaware Consumer Fraud Act**, Del. Code Ann. tit. 6, § 2511, *et seq.*;

13      f.   **District of Columbia Consumer Protection Procedures Act,** D.C. Code § 28-
14           3901, *et seq.*;

15      g.   **Florida Deceptive and Unfair Trade Practices Act,** Fla. Stat. § 501.201, *et seq.*;

16      h.   **Hawaii Unfair and Deceptive Practices Act**, Hawaii Rev. Stat. § 480-1, *et seq.*;

17      i.   **Illinois Consumer Fraud and Deceptive Business Practices Act**, 815 Ill. Comp.
18           Stat. § 505/1, *et seq.*;

19      j.   **Kentucky Consumer Protection Act**, Ky. Rev. Stat. Ann. § 367.110, *et seq.*;

20      k.   **Maine Unfair Trade Practices Act**, Me. Rev. Stat. tit. 5, § 205-A, *et seq.*;

21      l.   **Maryland Consumer Protection Act**, Md. Code Ann., Com. Law § 13-101, *et*
22           *seq.*;

23      m.   **Massachusetts Regulation of Business Practices for Consumers' Protection**
24           **Act**, Mass. Gen. Laws Ann. ch. 93A, § 1, *et seq.*;

25      n.   **Michigan Consumer Protection Act,** Mich. Comp. Laws § 445.901, *et seq.*;

26  ---

[64] There is no conflict between these state statutes and the CLRA and UCL because these state
27  statutes (1) do not require reliance by unnamed class members; (2) do not require scienter; and
     (3) allow class actions.
28

o.  **Missouri Merchandising Practices Act**, Mo. Rev. Stat. § 407.010, *et seq.*;

p.  **Nebraska Consumer Protection Act**, Neb. Rev. Stat. § 59-1601, *et seq.*;

q.  **New Hampshire Consumer Protection Act**, N.H. Rev. Stat. Ann. § 358-A:1, *et seq.*;

r.  **New Jersey Consumer Fraud Act**, N.J. Stat. Ann. § 56:8-1, *et seq.*;

s.  **New York Deceptive Acts and Practices Act**, N.Y. Gen. Bus. Law § 349, *et seq.*;

t.  **North Carolina Unfair Trade Practice Act**, N.C. Gen. Stat. § 75-1.1, *et seq.*;

u.  **Ohio Consumer Sales Practice Act**, Ohio Rev. Code Ann. § 1345.01, *et seq.*;

v.  **Rhode Island Unfair Trade Practices and Consumer Protection Act**, R.I. Gen. Laws § 6-13.1-1, *et seq.*;

w.  **Vermont Consumer Fraud Act**, Vt. Stat. Ann. tit. 9, § 2451, *et seq.*;

x.  **Washington Consumer Protection Act**, Wash. Rev. Code § 19.86.010, *et seq.*;

y.  **West Virginia Consumer Credit and Protection Act,** W. Va. Code Ann. § 46A-6-101, *et seq.*; and

z.  **Wisconsin Deceptive Trade Practices Act**, Wis. Stat. § 100.18, *et seq.*

62.     Plaintiffs and the Count III Class are entitled to recover damages and receive appropriate equitable relief, as alleged below.

## FOURTH  CAUSE OF ACTION

**(Alternative Cause of Action Brought by Plaintiffs on Behalf of the Count IV Class, for Violations of Certain State Consumer Protection Laws Where Class Members Reside, Where Those State Laws Do Not Materially Conflict with the CLRA and the UCL)**

63.     Plaintiffs restate the foregoing allegations as if alleged fully herein.

64.     Plaintiffs state this alternative cause of action under the laws of the states of residence of class members where these states' consumer protection laws do not materially differ and are not in actual conflict with the law of California.  Though this Count is pled under these various state laws, Plaintiffs assert that, under choice of law rules, the absence of an actual conflict with California law requires the ultimate application of California law.

65.     The practices discussed above all constitute unfair competition or unfair, unconscionable, deceptive, or unlawful acts or business practices in violation of the following state consumer protection statutes:[65]

    a.  **Alabama Deceptive Trade Practices Act**, Ala. Code § 8-19-1, *et seq.*;

    b.  **Alaska Unfair Trade Practices and Consumer Protection Act**, Alaska Stat. § 45.50.471, *et seq.*;

    c.  **Arkansas Deceptive Trade Practices Act**, Ark. Code Ann. § 4-88-101, *et seq.*;

    d.  **California Consumer Legal Remedies Act**, Cal. Civ. Code § 1750, *et seq.*, **California Unfair Competition Law,** Cal. Bus. & Prof. Code § 17200, *et seq.*;

    e.  **Connecticut Unfair Trade Practices Act**, Conn. Gen. Stat. § 42-110a, *et seq.*;

    f.  **Delaware Consumer Fraud Act**, Del. Code Ann. tit. 6, § 2511, *et seq.*;

    g.  **District of Columbia Consumer Protection Procedures Act,** D.C. Code § 28-3901, *et seq.*;

    h.  **Florida Deceptive and Unfair Trade Practices Act,** Fla. Stat. § 501.201, *et seq.*;

    i.  **Hawaii Unfair and Deceptive Practices Act**, Hawaii Rev. Stat. § 480-1, *et seq.*;

    j.  **Illinois Consumer Fraud and Deceptive Business Practices Act**, 815 Ill. Comp. Stat. § 505/1, *et seq.*;

    k.  **Kentucky Consumer Protection Act**, Ky. Rev. Stat. Ann. § 367.110, *et seq.*;

    l.  **Louisiana Unfair Trade Practices and Consumer Protection Law**, La. Rev. Stat. Ann. § 51:1401, *et seq.*;

    m.  **Maine Unfair Trade Practices Act**, Me. Rev. Stat. tit. 5, § 205-A, *et seq.*;

    n.  **Maryland Consumer Protection Act**, Md. Code Ann., Com. Law § 13-101, *et seq.*;

    o.  **Massachusetts Regulation of Business Practices for Consumers' Protection Act**, Mass. Gen. Laws Ann. ch. 93A, § 1 *et seq.*;

---

[65] These state statutes do not materially conflict with the CLRA and the UCL. The statutes include those statutes listed in the Third Cause of Action as well as additional states whose statutes, like the CLRA and the UCL, require neither reliance by unnamed class members nor scienter, but do not permit class actions. Under *Shady Grove Orthopedic Assoc's v. Allstate Ins. Co.*, 559 U.S. 393, 130 S. Ct. 1431, 176 L. Ed. 2d 311 (2010), class actions may be brought under these state statutes in federal court under Federal Rules of Civil Procedure Rule 23.

p.  **Michigan Consumer Protection Act,** Mich. Comp. Laws § 445.901 *et seq.*;

q.  **Missouri Merchandising Practices Act**, Mo. Rev. Stat. § 407.010, *et seq.*;

r.  **Montana Unfair Trade Practices and Consumer Protection Act,** Mont. Code Ann. § 30-14-101, *et seq.*;

s.  **Nebraska Consumer Protection Act**, Neb. Rev. Stat. § 59-1601, *et seq.*;

t.  **New Hampshire Consumer Protection Act,** N.H. Rev. Stat. Ann. § 358-A:1, *et seq.*;

u.  **New Jersey Consumer Fraud Act**, N.J. Stat. Ann. § 56:8-1, *et seq.*;

v.  **New York Deceptive Acts and Practices Act**, N.Y. Gen. Bus. Law § 349, *et seq.*;

w.  **North Carolina Unfair Trade Practice Act**, N.C. Gen. Stat. § 75-1.1, *et seq.*;

x.  **Ohio Consumer Sales Practice Act**,  Ohio Rev. Code Ann. § 1345.01, *et seq.*;

y.  **Rhode Island Unfair Trade Practices and Consumer Protection Act**, R.I. Gen. Laws § 6-13.1-1, *et seq.*;

z.  **South Carolina Unfair Trade Practices Act**, S.C. Code Ann. § 39-5-10, *et seq.*;

aa. **Tennessee Consumer Protection Act of 1977**, Tenn. Code Ann. § 47-18-101, *et seq.*;

bb. **Vermont Consumer Fraud Act**, Vt. Stat. Ann. tit. 9, § 2451, *et seq.*;

cc. **Washington Consumer Protection Act**, Wash. Rev. Code § 19.86.010, *et seq.*;

dd. **West Virginia Consumer Credit and Protection Act**, W. Va. Code Ann. § 46A-6-101, *et seq.*; and

ee. **Wisconsin Deceptive Trade Practices Act**, Wis. Stat. § 100.18, *et seq.*

66.     Plaintiffs and the Count IV Class are entitled to recover damages and receive appropriate equitable relief, as alleged below.

## FIFTH CAUSE OF ACTION
### (Violation of the Michigan Consumer Protection Act ("MCPA"), Mich Comp. Laws Ann. § 445.901, *et seq.* brought by Plaintiff Amy Sapeika on behalf of the Michigan Subclass)

67. The foregoing allegations are realleged and incorporated by reference as if fully set forth herein.

68. The MCPA prohibits "unfair, unconscionable, or deceptive methods, acts, and practices in the conduct of trade of commerce." Mich Comp. Laws Ann. § 445.903 (1).

69. Defendant is engaged in trade or commerce within the meaning of Mich Comp. Laws Ann. § 445.902 (g).

70. Defendant, by misrepresenting that the Products contain only "naturally-sourced" ingredients, has engaged in the following acts and practices prohibited by the MCPA:

    (c)   Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have;

    (e)   Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; and

    (bb)   Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it really is.

71. Plaintiff Sapeika would not have purchased the Products at all, or would not have paid such a high price for the Products, but for Defendant's misleading representation that the Products contained "100% naturally sourced sunscreen ingredients" or "naturally-sourced sunscreen ingredients." Plaintiff has thus suffered a loss as a direct result of Defendant's misrepresentations.

72. Wherefore, Plaintiff Sapeika prays for judgment against Defendant, as set forth hereafter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment and relief against Defendant as follows:

1     A.     For an Order certifying the Classes and Subclasses described herein and

2  appointing Plaintiffs as Class Representatives and their attorneys as Class Counsel;

3     B.     that the Court preliminarily and permanently enjoin Defendant from conducting

4  its business through the unlawful, unfair or fraudulent business acts or practices, untrue and

5  misleading advertising and other violations of law described in this Complaint;

6     C.     that the Court order Defendant to notify each and every individual and/or business

7  who purchased the Products of the pendency of the claims in this action in order to give such

8  individuals and businesses an opportunity to obtain restitution from Defendant;

9     D.     that the Court order Defendant to pay restitution to restore to all affected persons

10  all funds acquired by means of any act or practice declared by this Court to be an unlawful,

11  unfair, or a fraudulent business act or practice, untrue or misleading advertising, plus pre- and

12  post-judgment interest thereon;

13     E.     that the Court order Defendant to disgorge all monies wrongfully obtained and all

14  revenues and profits derived by Defendant as a result of its acts or practices as alleged in this

15  Complaint;

16     F.     that the Court grant Plaintiffs their reasonable attorneys' fees and costs of suit

17  pursuant to Cal. Civ. Proc. Code § 1021.5, Cal. Civ. Code § 1780(e), the common fund doctrine

18  and/or any other appropriate legal theory;

19     G.     for actual damages with respect to the Count III Class, the Count IV Class and the

20  Michigan Subclass; and

21     H.     that the Court grant such other and further relief as may be just and proper.

22                      **<u>JURY DEMAND</u>**

23     Plaintiffs demand a trial by jury on all causes of action so triable.

24

25

26

27

28

DATED:  July 26, 2013

Mark P. Kindall (State Bar No. 138703)
Robert A. Izard *(pro hac vice forthcoming)*
Jeffrey S. Nobel *(pro hac vice forthcoming)*
Nicole A. Veno *(pro hac vice forthcoming)*
IZARD NOBEL LLP
29 South Main Street, Suite 305
West Hartford, CT 06107
Telephone: (860) 493-6292
Facsimile: (860) 493-6290

Ronen Sarraf *(pro hac vice forthcoming)*
Joseph Gentile *(pro hac vice forthcoming)*
SARRAF GENTILE LLP
450 Seventh Avenue, Suite 1900
New York, NY 10123
Telephone: (212) 868-3610
Fax: (212) 918-7967
ronen@sarrafgentile.com
joseph@sarrafgentile.com

*Attorneys for Plaintiffs*

CLASS ACTION COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

## EDCV13- 1316 GAF (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Julie Fagan, Michael Fagan, Amy Sapeika and Shelley Trinchero, Individually and on Behalf of All Others Similarly Situated

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

Neutrogena Corporation

**(b) Attorneys** (Firm Name, Address and Telephone Number.  If you are representing yourself, provide same.)

Mark P. Kindall, Robert A. Izard, Jeffrey S. Nobel, Nicole A. Veno, IZARD NOBEL LLP, 29 South Main Street, Suite 305, West Hartford, CT 06107 Tel. (860) 493-6292

**(b) Attorneys** (Firm Name, Address and Telephone Number.  If you are representing yourself, provide same.)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No    ☒ **MONEY DEMANDED IN COMPLAINT: $** > $5,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. Section 1332(d). Suit brought based on diversity jurisdiction for violations of state consumer protection statutes arising from false and misleading representations.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number:   ED CV 13 - 01316

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON

CV-71 (02/13)        CIVIL COVER SHEET        JUL 29 2013        Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Julie and Michael Fagan- Santa Clara County<br>Shelley Trinchero- Santa Cruz County<br>Amy Sapeika- State of Michigan |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Neutrogena Corporation- Los Angeles County |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Julie and Michael Fagan- Santa Clara County<br>Shelley Trinchero- Santa Cruz County<br>Amy Sapeika- State of Michigan |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** *Mark P. Pifko*   DATE: 7/26/13

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |