Elizabeth P. Lin (State Bar No. 174663)
**THE LIN LAW FIRM, APLC**
2705 S. Diamond Bar Blvd., Suite 398
Diamond Bar, CA 91765
Telephone: (909) 595-5522
Facsimile: (909) 595-5519
elizabethl@thelinlawfirm.com

Mark P. Kindall (State Bar No. 138703)
Robert A. Izard (admitted *pro hac vice*)
Jeffrey S. Nobel (admitted *pro hac vice*)
Nicole A. Veno (admitted *pro hac vice*)
**IZARD NOBEL LLP**
29 South Main Street, Suite 305
West Hartford, CT 06107
Telephone: (860) 493-6292
Facsimile: (860) 493-6290
mkindall@izardnobel.com
rizard@izardnobel.com
jnobel@izardnobel.com
nveno@izardnobel.com

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE FAGAN, MICHAEL FAGAN, MELISSA PENNELLATORE, AMY SAPEIKA and SHELLEY TRINCHERO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEUTROGENA CORPORATION,<br><br>Defendant. | Case No.: EDCV 13-01316 SVW (OPx)<br><br><u>CLASS ACTION</u><br><br>**NOTICE OF MOTION AND MOTION FOR PERMISSION TO COMMENCE DISCOVERY IMMEDIATELY**<br><br>Date:   November 4, 2013<br>Time:   1:30 P.M.<br>Judge:  Hon. Stephen V. Wilson<br>Place:  Courtroom 6 – 2nd Floor<br>            312 N. Spring Street |

---

**PLAINTIFFS' MOTION FOR PERMISSION TO IMMEDIATELY COMMENCE DISCOVERY**

**PLEASE TAKE NOTICE** that on November 4, 2013 at 1:30 P.M., or as soon thereafter as counsel may be heard, in Courtroom 6 of the United States District Court for the Central District of California, located at 312 N. Spring Street, Los Angeles, California, counsel of record for Plaintiffs JULIE FAGAN, MICHAEL FAGAN, MELISSA PENNELLATORE, AMY SAPEIKA and SHELLEY TRINCHERO (collectively, "Plaintiffs") will, and hereby do, move for permission to commence discovery immediately. Plaintiffs make this Motion out of an abundance of caution solely in the event the parties' Joint Stipulation Re Relief From Local Rule 23-3 is not approved. If the Stipulation is approved, Plaintiffs will withdraw this Motion

## I. INTRODUCTION

Pursuant to Local Rule 23-3, Plaintiffs' motion for class certification is currently due on November 12, 2013. Plaintiffs filed their initial complaint on July 29, 2013. On August 14, 2013, service was executed on Defendant Neutrogena Corporation ("Defendant"). After filing suit, in accordance with the notice requirements of Cal. Civ. Code § 1782, Plaintiffs mailed notice to Defendant of their intent to seek monetary damages under the Consumers Legal Remedies Act, Cal Civ. Code § 1750, *et seq.* and amended their complaint to seek such damages on September 13, 2013. On September 18, 2013 the parties filed a Joint Stipulation Re Relief From Local Rule 23-3, requesting that L.R. 23-3 be vacated and that the date for Plaintiffs to file their motion for class certification and related discovery be established following this Court's ruling on Defendant's forthcoming motion to dismiss. The Court has not ruled on the Stipulation.

Based on recent case law, Plaintiffs anticipate that discovery may be necessary to support their class certification motion. *See, e.g. Wal-Mart Stores, Inc. v. Dukes,* 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011). Fed. R. Civ. P. 26(d)(1) provides that no discovery may be conducted until the parties have conducted an

1

---

**PLAINTIFFS' MOTION FOR PERMISSION TO IMMEDIATELY COMMENCE DISCOVERY**

early meeting of counsel pursuant to Fed. R. Civ. P. 26(f). On September 17, 2013 Plaintiffs' counsel contacted Defendant's counsel to schedule a Rule 26(f) conference. Defendant's counsel responded that they were not ready to conduct the Rule 26(f) conference and believed that holding such conference was premature. *See* Exhibit A to the Declaration of Nicole A. Veno, submitted concurrently herewith. As the Court has not yet scheduled a Fed. R. Civ. P. 16 conference, and Defendant has refused participate in a Rule 26(f) conference, the parties have not held a Rule 26(f) conference and no discovery has commenced. Therefore, in the event this Court declines to approve the Stipulation ordering relief from L.R. 23-3, Plaintiffs seek permission to commence discovery immediately.

This Motion is made pursuant to Local Rule 7-3. On September 17, 2013, the parties' counsel met and conferred via telephone concerning the substance of this motion. The parties' were unable to come to a resolution of this matter.

## II. ARGUMENT

Good cause exists for Plaintiffs to commence discovery immediately because Defendant has refused to participate in a Rule 26(f) conference and discovery is likely to substantiate claims in Plaintiffs' motion for class certification, which is currently due on November 12, 2013. By refusing to participate in a Rule 26(f) conference, Defendant has given itself a *de facto* stay of discovery. *See G.I. Home Developing Corp., v. Town of Brookhaven,* No. 07-cv-4115, 2008 U.S. Dist. LEXIS 26173, at *2 (April 1, 2008) ("Plaintiff's request to defer the initial conference [pending determination of an anticipated motion to dismiss] is, in effect, a request to stay discovery.").

Based on recent case law, Plaintiffs anticipate that discovery may be necessary to support their motion for class certification. "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must

2

affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes,* 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374 (2011).

The Ninth Circuit has recognized that "often the pleadings alone will not resolve the question of class certification […] and some discovery will be warranted." *Vinole v. Countrywide Home Loans, Inc.,* 571 F.3d 935, 942 (9th Cir. 2009). It is long standing law in this Circuit that "'the advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action is maintainable.'" *Id.* citing *Doninger v. Pac. Nw. Bell, Inc.,* 564 F.2d 1304, 1313 (9th Cir. 1977). Accordingly, Plaintiffs seek discovery to support their motion for class certification, including interrogatories, requests for production of documents and requests for admissions and one or more depositions.

Discovery relating to merits and class certification is likely to substantiate claims made in Plaintiffs' class certification motion. "[T]he merits of the class members' substantive claims are often highly relevant when determining whether to certify a class…it is not correct to say a district court *may* consider the merits to the extent that they overlap with class certification issues; rather, a district court *must* consider the merits if they overlap with the Rule 23(a) requirements." *Ellis v. Costco Wholesale Corp.,* 657 F.3d 970, 981 (9th Cir. 2011) (emphasis in original).

The discovery Plaintiffs seek may support the allegations set forth in their forthcoming motion for class certification. A copy of Plaintiffs' proposed document requests is attached to the Declaration of Nicole A. Veno as Exhibit B. For example, Plaintiffs seek data concerning sales of the products to show that, *in fact*, the Classes and Subclasses are sufficiently *numerous*. See Request Nos. 14, 15 and 17.

Additionally, Plaintiffs seek discovery concerning advertising for the Products, labels that have appeared on the Products and suggested retail prices of the Products. *See* Request Nos. 1, 3 and 6. This will allow Plaintiffs to show that Plaintiffs and members of the Classes and Subclasses have been subjected to a *common* misrepresentation and that Plaintiffs' claims are *typical* of the claims of the members of the Classes and Subclasses they seek to represent. *See Dukes,* 131 S. Ct. 2541 at 2551 ("Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury") (internal citations omitted).

Moreover, Plaintiffs seek discovery relating to the merits of their claims, including discovery concerning whether the Products contain only natural ingredients, and how a reasonable consumer interprets the terms "100% naturally sourced sunscreen ingredients," "naturally-sourced sunscreen ingredients" or "100% naturally sourced sunscreens" on a cosmetics label. *See* Request Nos. 9-11.

Discovery into the merits of Plaintiffs' causes of action is relevant to the inquiry of whether questions of law and fact predominate over any questions affecting only individual members under Fed R. Civ. P. Rule 23(b)(3). "It is clear that '[c]onsidering whether 'questions of law or fact common to class members predominate' begins, of course, with the elements of the underlying cause of action.'" *Stearns v. Ticketmaster Corp.,* 655 F.3d 1013, 1020 (9th Cir. 2011) *cert. denied*, 132 S. Ct. 1970, 182 L. Ed. 2d 819 (U.S. 2012), *citing Erica P. John Fund, Inc. v. Halliburton Co.,* 131 S. Ct. 2179, 2184, 180 L. Ed. 2d 24 (2011).

As the Federal Judicial Center's publication, Managing Class Action Litigation: A Pocket Guide for Judges explains, local rules imposing specific time limits for filing class certification motions "appear to be inconsistent with federal rules, and as such, obsolete," and advises judges to "feel free to ignore local rules

1  calling for specific time limits."[1]   Here, the imposition of L.R. 23-3 without permission to seek discovery immediately will deprive Plaintiffs of the important opportunity to conduct discovery relating to class certification issues prior to the filing of their motion for class certification.  Thus, good cause exists to permit Plaintiffs to commence discovery immediately.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that in the event the parties' Joint Stipulation Re Relief From Local Rule 23-3 is denied, this Court issue an order permitting Plaintiffs to commence discovery immediately.

Dated:  October 7, 2013           Respectfully submitted,

By: */s/ Elizabeth P. Lin*
Elizabeth P. Lin (State Bar No. 174663)
**THE LIN LAW FIRM, APLC**
2705 S. Diamond Bar Blvd., Suite 398
Diamond Bar, CA 91765
Telephone: (909) 595-5522
Facsimile: (909) 595-5519
elizabethl@thelinlawfirm.com

Mark P. Kindall (State Bar No. 138703)
Robert A. Izard (admitted *pro hac vice*)
Jeffrey S. Nobel (admitted *pro hac vice*)
Nicole A. Veno (admitted *pro hac vice*)
**IZARD NOBEL LLP**
29 South Main Street, Suite 305
West Hartford, CT 06107
Telephone: (860) 493-6292
Facsimile: (860) 493-6290
mkindall@izardnobel.com
rizard@izardnobel.com
jnobel@izardnobel.com
nveno@izardnobel.com

Attorneys for Plaintiffs

---

[1] Barbara J. Rothstein & Thomas E. Willging, Managing Class Action Litigation: A pocket Guide for Judges, Federal Judicial Center, 2005, available at http://www.fjc.gov/public/pdf.nsf/lookup/classgde.pdf/$file/classgde.pdf.

5

**PLAINTIFFS' MOTION FOR PERMISSION TO IMMEDIATELY COMMENCE DISCOVERY**