UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:13-cv-01316-SVW-OP | Date | January 8, 2014 |
|---|---|---|---|
| Title | Julie Fagan, et al. v. Neutrogena Corporation | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**     IN CHAMBERS ORDER re Defendant's Motion to Dismiss [38]

Having read and considered the parties' arguments on defendant's motion to dismiss the First Amended Class Action Complaint (FAC), the Court finds the motion suitable for determination without oral argument. Fed. R. Civ. P. 78(b); Local Rule 7-15. Accordingly, the hearing currently scheduled for January 13, 2014, is VACATED.

**(1)** *Preemption.* Defendant argues that plaintiffs' claims are expressly preempted by 21 U.S.C. § 379r, because plaintiffs "seek to impose ingredient listing requirements that are different from those contained in FDA regulations." (Mot. at 4.) But if defendants are liable under state law for misleading language contained in the products' principal display panels (PDP) as alleged in the FAC, this liability would not impose any requirement on the listing or description of cosmetic ingredients "that is different from or in addition to, or that is otherwise not identical with" the labeling requirements imposed by FDA regulations. 21 U.S.C. § 379r(a)(2); (*See* Mot. at 4-7 (describing FDA regulations on the labeling of over-the-counter drugs).) Defendant argues that plaintiffs seek to impose liability under state law for *non-misleading information* displayed on its products, and that this would effectively impose a requirement on cosmetic labeling that is "different from or in addition to" the FDA regulations. (Mot. at 7-8; Reply at 2-3.) This argument assumes the matter that is in dispute in this case, namely, that the verbiage "100% naturally sourced sunscreen ingredients" and the like in defendant's PDPs is not misleading. In contrast, if the language in the PDPs is misleading, as the FAC alleges, then state law liability based on the product labels merely creates a damages remedy for violation of state law requirements that "'parallel,' rather than add to, federal requirements," and hence are not preempted. *Riegel v. Medtronic*, 552 U.S. 312, 330 (2008) (quoting *Medtronic v. Lohr*, 518 U.S. 470, 495 (1996));

                                                                                                              :    
                                                        Initials of Preparer             PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:13-cv-01316-SVW-OP | Date | January 8, 2014 |
|---|---|---|---|
| Title | Julie Fagan, et al. v. Neutrogena Corporation | | |

*cf.* 21 U.S.C. § 352(a) (drug is "misbranded" if "its labeling is false or misleading in any particular."); 21 U.S.C. § 362(a) (cosmetic is "misbranded" if "its labeling is false or misleading in any particular."). In short, plaintiffs claims, if proved, "would simply require Defendant to truthfully state [whether the sunscreen ingredients are 100% naturally sourced] or not sell its products; such relief would not impose a state requirement that is 'different from or in addition to, or that is otherwise not identical with' that of the FDCA."  *Delarosa v. Boiron, Inc.*, 818 F. Supp. 2d 1177, 1189-90 (C.D. Cal. 2011) (quoting 21 U.S.C. § 379r(a)(2)).

**(2)** *Primary Jurisdiction***.**  Plaintiffs' claims are not barred by the doctrine of primary jurisdiction.  *See* FAC ¶ 1 n.1 (FDA has affirmed that "proceedings to define the term 'natural' [in the context of cosmetics] do not fit within [its] current health and safety priorities."); *cf. Lockwood v. Conagra Foods*, 597 F. Supp. 2d 1028, 1035 (N.D. Cal. 2009) (Declining to apply primary jurisdiction doctrine in context of food labeling because "various parties have repeatedly asked the FDA to adopt formal rulemaking to define the word ['natural'] and the FDA has declined to do so because it is not a priority and the FDA has limited resources.").

**(3)** *Sufficiency of Allegations*.  Defendant argues that the various formulations of the "naturally sourced" language found on the product PDPs are not misleading as a matter of law.  Whether the label is misleading "must be evaluated from the vantage of a reasonable consumer."  *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995) (citation and internal quotation marks omitted).  The FAC alleges that "[t]he phrases '100% naturally sourced sunscreens,' '100% naturally sourced sunscreen ingredients' and 'naturally-sourced sunscreen ingredients' constitute representations to a reasonable consumer that the Products contain only natural ingredients.  These phrases are misleading to a reasonable consumer because the Products actually contain numerous unnatural synthetic ingredients."  (FAC ¶ 18.)  These allegations "state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Defendant's argument that the representations are literally true because the term "100%" only applies to the ingredients in the products that provide protection from the sun (and not to other ingredients in the lotions that serve other purposes) rests on one possible interpretation of the language, but it is not the only possible interpretation.

Defendant's alternative argument that any ambiguity is the PDP language is dispelled by the explicit list of ingredients elsewhere on the product is foreclosed by *Williams v. Gerber Products Co.*, 552 F.3d 934 (9th Cir. 2008).  The Court of Appeals held that reasonable consumers cannot necessarily "be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box.  The ingredient list on the side of the box appears to comply with FDA regulations and certainly serves some purpose.  We do not think that the

|  |  : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:13-cv-01316-SVW-OP | Date | January 8, 2014 |
|---|---|---|---|
| Title | Julie Fagan, et al. v. Neutrogena Corporation | | |

FDA requires an ingredient list so that manufacturers can mislead consumers and then rely on the ingredient list to correct those misinterpretations and provide a shield for liability for the deception. Instead, reasonable consumers expect that the ingredient list contains more detailed information about the product that confirms other representations on the packaging." *Id.* at 939-40.  Defendants' object that the *Gerber Products* case involved a misleading package, not "a truthful, albeit arguably ambiguous statement," which they contend their PDPs contain.  (Reply at 5.)  But this again assumes the matter in dispute:  that the language in the PDP is not misleading.  This cannot be decided as a matter of law purely on the basis of the allegations of the complaint.  It may ultimately turn out that the evidence will not support plaintiffs' claims that reasonable consumers examining defendant's sunscreen products would be misled by the package labeling.  It may turn out that when all of the information on a product's package — both the "100% naturally sourced sunscreens" language and the ingredients list — is considered as a whole, no reasonable consumer would believe that the product contains no synthetic ingredients.  But these possibilities, which would require a more developed factual record to establish, do not support dismissal of the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) ("[T]he court accepts all factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff.").

      For the foregoing reasons, defendant's motion to dismiss is DENIED.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |