LISA KOBIALKA (State Bar No. 191404)
lkobialka@ kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

HAROLD P. WEINBERGER (*admitted pro hac vice*)
EILEEN M. PATT (*admitted pro hac vice*)
hweinberger@ kramerlevin.com
epatt@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036-2714
Telephone: (212) 715-9132
Facsimile: (212) 715-8132

Attorneys for Defendant
NEUTROGENA CORPORATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE FAGAN, MICHAEL FAGAN, MELISSA PENNELLATORE, AMY SAPEIKA and SHELLEY TRINCHERO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEUTROGENA CORPORATION,<br><br>Defendant. | Case No.: EDCV 13-01316 SVW (OPx)<br><br>HON. STEPHEN V. WILSON<br><br>**DEFENDANT NEUTROGENA CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FIRST AMENDED COMPLAINT**<br><br>Place:   Courtroom 217/6 – 2nd Floor  312 N. Spring Street<br><br>Complaint Filed:  July 29, 2013 |

Defendant Neutrogena Corporation ("Neutrogena" or "Defendant"), by its undersigned attorneys, hereby answers plaintiffs' First Amended Class Action Complaint ("FAC") dated September 13, 2013, as follows:

1.      Denies the allegations in Paragraph 1, except admits that it sells and distributes the Products and that the packaging stated "100% naturally sourced sunscreen ingredients," "naturally sourced sunscreen ingredients" or "100% naturally sourced sunscreens." Neutrogena further admits that it manufactures some of the Products. Neutrogena refers to the packaging and labels for each of the Products for their true, correct, and complete contents. Defendant further admits that the FDA has not defined the term "natural" in the context of cosmetic products. Defendant refers to the letter written in connection with *Astiana v. Hain Celestial Group,* No. 12-cv-17596 (9th Cir. March 22, 2013) for its true, correct, and complete contents.

2.      With respect to the allegations in paragraph 2, admits that plaintiffs seek to premise their claims on the 4 products alleged, except states that the pure & free® baby faces ultra gentle cream sunscreen Broad Spectrum SPF 45+ product replaced the pure & free® baby faces ultra gentle sunblock SPF 50+ product, and admits that both products contain identical ingredients. Neutrogena further admits that the phrase "naturally sourced sunscreen ingredients" on the front label of the 3oz and 5oz pure & free® baby sunscreen Broad Spectrum SPF 60+ product was changed at some point after June 2011 to read "100% naturally sourced sunscreen ingredients."

3.      Denies the allegations in paragraph 3, except admits that the Principal Display Panel (PDP) on the Products stated, "100% naturally sourced sunscreen ingredients," "naturally-sourced sunscreen ingredients" or "100%

naturally sourced sunscreens." Neutrogena specifically denies making any false or misleading statements.

4.     The allegations in paragraph 4 consist of argument to which no response is required. To the extent any response is necessary, Neutrogena denies the allegations.

5.     The allegations in paragraph 5 consist of argument to which no response is required. To the extent any response is necessary, Neutrogena denies the allegations. Neutrogena specifically denies making any false representations or advertising.

6.     With respect to the allegations in paragraph 6, admits that plaintiffs seek to premise jurisdiction under 28 U.S.C. §1332(d), but denies knowledge or information sufficient to form a beliefs as to whether "a substantial number of the members of the proposed class are citizens of a state different from that of Defendant," and denies that plaintiffs have stated a claim against Neutrogena.

7.     With respect to the allegations in paragraph 7, admits that venue is proper.

8.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13.     With respect to the allegations in paragraph 13, admits that Neutrogena is headquartered where alleged and that it distributes, markets, and sells the Products throughout the United States.  Neutrogena further admits that some of the labeling, manufacturing and advertising of the some of the Products occurs in California, but denies that Neutrogena's conduct gives rise to any claims.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15.     Denies the allegations in paragraph 15, except admits that Neutrogena markets skin care, hair care and cosmetic products, and that it manufactures some sunscreen application products in the Pure & Free® line.  Defendant refers to the Neutrogena website for its true, correct and complete contents, and denies that it is misleading in any respect.

16.     Denies the allegations in paragraph 16 of the Amended Complaint, except admits that the PDP of each product stated, "100% naturally sourced sunscreen ingredients," "100% naturally sourced sunscreens" or "naturally sourced sunscreen ingredients."  Neutrogena refers to the full packaging of the Products for its true, correct and complete contents.

17.     Denies the allegations in paragraph 17.

18.     Denies the allegations in paragraph 18.

19.     Denies the allegations in paragraph 19, except refers to the packaging of the Products which lists their true, correct and complete contents. Neutrogena specifically denies that any of the Products contain "irritating chemicals."

20.    Denies the allegations in paragraph 20, except refers to the packaging of the Products which lists their true correct and complete contents.

21.    Denies the allegations in paragraph 21 and refers to Neutrogena's website for its true, correct and complete contents, except admits that three of the four Products are marketed for babies.  Neutrogena specifically denies making any false or misleading representations.

22.    Denies the allegations in paragraph 22, except refers to the packaging of the Products which lists their true correct and complete contents. Neutrogena specifically denies that any of the ingredients in the Products are harmful in the manners alleged or in any respect whatsoever.

23.    Denies the allegations in paragraph 23, except admits that Defendant is headquartered in Los Angeles, California, that some of the employees who are responsible for marketing Neutrogena brand products are located there, and that some of the marketing materials concerning the Products were developed there.  Defendant further admits that it receives revenues from the sale of the Products to its customers.

24.    Denies the allegations in paragraph 24.

25.    The allegations in paragraph 25 state a legal conclusion to which no response is required.  To the extent any response is necessary, Neutrogena denies the allegations.  Neutrogena specifically denies that this action can properly proceed as a class action.

26.    The allegations in paragraph 26 state a legal conclusion to which no response is required.  To the extent any response is necessary, Neutrogena denies the allegations.  Neutrogena specifically denies that this action can properly proceed as a class action.

27.    The allegations in paragraph 27 state a legal conclusion to which no response is required.  To the extent any response is necessary, Neutrogena denies the allegations.  Neutrogena specifically denies that this action can properly proceed as a class action.

28.    The allegations in paragraph 28 state a legal conclusion to which no response is required.  To the extent any response is necessary, Neutrogena denies the allegations.  Neutrogena specifically denies that this action can properly proceed as a class action.

29.    The allegations in paragraph 29 state a legal conclusion to which no response is required.  To the extent any response is necessary, Neutrogena denies the allegations.  Neutrogena specifically denies that this action can properly proceed as a class action.

30.    The allegations in paragraph 30 state legal conclusions to which no response is required.  To the extent any response is necessary, Neutrogena denies the allegations.  Neutrogena specifically denies that this action can properly proceed as a class action.

31.    The allegations in paragraph 31 state legal conclusions to which no response is required.  To the extent any response is necessary, Neutrogena denies the allegations.  Neutrogena specifically denies that this action can properly proceed as a class action.

32.    The allegations in paragraph 32 state a legal conclusion to which no response is required.  To the extent any response is necessary, Neutrogena denies the allegations.  Neutrogena specifically denies that this action can properly proceed as a class action.

33.    The allegations in paragraph 33 state legal conclusions to which no response is required.  To the extent any response is necessary, Neutrogena

denies the allegations.  Neutrogena specifically denies that this action can properly proceed as a class action.

### As to Count I

34.    Neutrogena incorporates its answers to the foregoing paragraphs herein.

35.    The allegations in paragraph 35 state a legal conclusion to which no response is required.  To the extent any response is necessary, Neutrogena denies the allegations.  Neutrogena refers to the statute referenced therein for its true correct and complete terms.

36.    The allegations in paragraph 36 state a legal conclusion to which no response is required.  To the extent any response is necessary, Neutrogena denies the allegations.  Neutrogena refers to the statute referenced therein for its true correct and complete terms.

37.    Denies the allegations in paragraph 37.    Neutrogena specifically denies engaging in any "conduct that is likely to deceive members of the public."

38.    Denies the allegations in paragraph 38.    Neutrogena specifically denies "engag[ing] in fraudulent business acts and practices which constitute unfair competition[.]"

39.    The allegations in paragraph 39 state a legal conclusion to which no response is required.  To the extent any response is necessary, Neutrogena denies the allegations.  Neutrogena refers to the statute referenced therein for its true correct and complete terms.

40.    Denies the allegations in paragraph 40.

41.    Denies the allegations in paragraph 41.    Neutrogena specifically denies making any false or misleading statement.

42.     Denies the allegations in paragraph 42.

43.     The allegations in paragraph 43 state a legal conclusion to which no response is required.  To the extent any response is necessary, Neutrogena denies the allegations.  Neutrogena refers to the statute referenced therein for its true correct and complete terms.

44.     Denies the allegations in paragraph 44.   Neutrogena specifically denies that it "engaged in unfair business practices."

45.     Denies the allegations in paragraph 45.

46.     Denies the allegations in paragraph 46.

47.     Denies the allegations in paragraph 47.

48.     Denies the allegations in paragraph 48.

49.     Denies the allegations in paragraph 49.

50.     The allegations in paragraph 50 state a legal conclusion to which no response is required.  To the extent any response is necessary, Neutrogena denies the allegations.  Neutrogena refers to the statute referenced therein for its true, correct and complete terms.

51.     Denies the allegations in paragraph 51.

### As to Count II

52.     Neutrogena incorporates its answers to the foregoing paragraphs herein.

53.     The allegations in paragraph 53 state a legal conclusion to which no response is required.  To the extent any response is necessary, Neutrogena denies the allegations.  Neutrogena refers to the statute referenced therein for its true, correct and complete terms.

54.     The allegations in paragraph 54 state a legal conclusion to which no response is required.  To the extent any response is necessary, Neutrogena

denies the allegations.  Neutrogena refers to the statute referenced therein for its true, correct and complete terms.

55.     Denies the allegations in paragraph 55.

56.     Denies the allegations in paragraph 56.

57.     Denies the allegations in paragraph 57.

58.     Denies the allegations in paragraph 58, except admits that Neutrogena received and sent the correspondence alleged.  Neutrogena refers to that correspondence for its true, correct and complete contents.

59.     Denies the allegations in paragraph 59, except admits that plaintiffs seek damages.

60.     Denies the allegations in paragraph 60.

### As to Count III

61.     Neutrogena incorporates its answers to the foregoing paragraphs herein.

62.     Denies the allegations in paragraph 62.

63.     Denies the allegations in paragraph 63.

64.     Denies the allegations in paragraph 64.

### As to Count IV

65.     Neutrogena incorporates its answers to the foregoing paragraphs herein.

66.     Denies the allegations in paragraph 66.

67.     Denies the allegations in paragraph 67.

68.     Denies the allegations in paragraph 68.

### As to Count V

69.     Neutrogena incorporates its answers to the foregoing paragraphs herein.

70.    The allegations in paragraph 70 state a legal conclusion to which no response is required.  To the extent any response is necessary, Neutrogena denies the allegations.  Neutrogena refers to the statute referenced therein for its true, correct and complete terms.

71.    The allegations in paragraph 71 state a legal conclusion to which no response is required.  To the extent any response is necessary, Neutrogena denies the allegations.  Neutrogena refers to the statute referenced therein for its true, correct and complete terms.

72.    Denies the allegations in paragraph 72.   Neutrogena specifically denies making any misrepresentations.

73.    Denies the allegations in paragraph 73. Neutrogena specifically denies making any misleading representations or misrepresentations.

74.    Denies the allegations in paragraph 74.

### As to Count VI

75.    Neutrogena incorporates its answers to the foregoing paragraphs herein.

76.    The allegations in the second paragraph numbered 2 state legal conclusions to which no response is required.  To the extent any response is necessary, Neutrogena denies the allegations.   Neutrogena specifically denies that this action can properly proceed as a class action.

77.    The allegations in the second paragraph numbered 3 state legal conclusions to which no response is required.  To the extent any response is necessary, Neutrogena denies the allegations.

78.    Denies the allegations in the second paragraph numbered 4, except admits that Neutrogena received and sent the correspondence alleged.

Neutrogena refers to that correspondence for its true, correct and complete contents.

79.   Denies the allegations in the second paragraph numbered 5. Neutrogena specifically denies "engag[ing] in unfair methods of competition and unfair and deceptive acts and practices."

80.   Denies the allegations in the second paragraph numbered 6.

81.   With respect to the allegations in the second paragraph numbered 7, denies that plaintiffs are entitled to any of the relief sought.

**Affirmative Defenses**

Neutrogena sets forth below its affirmative defenses. By setting forth these affirmative defenses, Neutrogena does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the plaintiffs or the class members. Neutrogena reserves the right to raise additional affirmative defenses as may be established during discovery and by the evidence in this case.

First Affirmative Defense

(Failure to State a Claim)

82.   The FAC fails to state a claim upon which relief may be granted

Second Affirmative Defense

(Lack of Standing)

83.   Plaintiffs lack standing to assert the claims herein, in whole or in part, or to act as Class Representatives.

Third Affirmative Defense

(Laches)

84.   Plaintiffs and the putative classes are barred, in whole or in part, from recovery by the doctrine of laches.

Fourth Affirmative Defense

(Statutes of Limitations)

85.     The claims of plaintiffs and the putative classes are barred, in whole or in part, by the applicable statutes of limitations.

Fifth Affirmative Defense

(First Amendment)

86.     The claims of plaintiffs and the putative class are barred, in whole or in part, by the First Amendment of the United States Constitution, and similar provisions in the Constitution of the State of California, which protect, among other things, Neutrogena's right to promote and advertise its products.

Sixth Affirmative Defense

(Safe Harbor)

87.     The FAC is barred, in whole or in part, because Neutrogena's business practices are not unfair, unlawful or likely to mislead because its conduct falls within a safe harbor created by law.

Seventh Affirmative Defense

(Good Faith/Reasonable Belief as to Accuracy and Validity)

88.     The FAC is barred, in whole or in part, because any representations or statements alleged to have been made by Neutrogena were true and accurate at the time made and/or otherwise were made in good faith and with a reasonable belief as to their validity and accuracy and with reasonable belief that all of Neutrogena's conduct was lawful.

Eighth Affirmative Defense

(Due Process)

89.    The FAC, and the certification of the proposed classes, are barred, in whole or in part, by the Due Process Clauses of the Constitutions of the United States and the State of California, and by the Due Process Clauses of any other state Constitutions the Court may deem applicable.

Ninth Affirmative Defense

(Preemption/Primary Jurisdiction)

90.    The FAC is barred, in whole or in part, by the doctrines of federal preemption or primary jurisdiction.

Tenth Affirmative Defense

(Punitive Damages)

91.    Plaintiffs and the putative classes are barred from recovering punitive damages against Neutrogena because any imposition of punitive damages under the facts and circumstances of this case would violate the rights of Neutrogena under the United States Constitution, the Constitution of the State of California, and the applicable laws of California including, but not limited to, Section 3294 of the California Civil Code.

(*continued on next page*)

WHEREFORE, Neutrogena prays that plaintiffs take nothing by the way of their FAC, their requests to certify the classes be denied, and the Court enter judgment in favor of Neutrogena as follows:

1.  For Neutrogena's reasonable attorney's fees;

2.  For Neutrogena's reasonable costs and expenses incurred in defending against the allegations contained in the FAC and in this action; and

3.  For such other and further relief as the Court deems just and proper.

Dated:  January 22, 2014                    KRAMER LEVIN NAFTALIS
                                            & FRANKEL LLP


                                            By: /s/Harold P. Weinberger
                                                Harold P. Weinberger


                                            Harold P. Weinberger
                                            (admitted pro hac vice)
                                            Eileen M. Patt
                                            (admitted pro hac vice)
                                            hweinberger@kramerlevin.com
                                            Kramer Levin Naftalis & Frankel LLP
                                            1177 Avenue of the Americas
                                            New York, NY 10036
                                            Telephone: (212) 715-9216
                                            Facsimile: (212) 715-8132

                                            Lisa Kobialka (State Bar No. 191404)
                                            lkobialka@kramerlevin.com
                                            Kramer Levin Naftalis & Frankel LLP
                                            990 Marsh Road
                                            Menlo Park, CA 94025
                                            Telephone: (650) 752-1700
                                            Facsimile: (650) 752-1800

                                            Attorneys for Defendant
                                            Neutrogena Corporation KL3 2957158.4