Elizabeth P. Lin (State Bar No. 174663)
**THE LIN LAW FIRM, APLC**
2705 S. Diamond Bar Blvd., Suite 398
Diamond Bar, CA 91765
Telephone: (909) 595-5522
Facsimile: (909) 595-5519
elizabethl@thelinlawfirm.com

Mark P. Kindall (State Bar No. 138703)
Robert A. Izard (admitted *pro hac vice*)
Jeffrey S. Nobel (admitted *pro hac vice*)
Nicole A. Veno (admitted *pro hac vice*)
**IZARD NOBEL LLP**
29 South Main Street, Suite 305
West Hartford, CT 06107
Telephone: (860) 493-6292
Facsimile: (860) 493-6290
mkindall@izardnobel.com
rizard@izardnobel.com
jnobel@izardnobel.com
nveno@izardnobel.com

Ronen Sarraf (admitted *pro hac vice*)
Joseph Gentile (admitted *pro hac vice*)
**SARRAF GENTILE LLP**
1055 Franklin Avenue, Suite 204
Garden City, New York 11530
Tel: (516) 699-8890
Fax: (516) 699-8968
ronen@sarrafgentile.com
joseph@sarrafgentile.com

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

JULIE FAGAN, MELISSA PENNLLATORE, AMY SAPEIKA and SHELLEY TRINCHERO, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

NEUTROGENA CORPORATION,

Defendant.

Case No.: 5:13-cv-01316-SVW-OP

CLASS ACTION

**PLAINTIFFS' AMENDED REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

**[REDACTED VERSION]**

Date: April 7, 2014
Time: 1:30 P.M.
Judge: Hon. Stephen V. Wilson
Place: Courtroom 6 – 2nd Floor
312 N. Spring Street

## TABLE OF CONTENTS

I. INTRODUCTION .......... 1

II. PLAINTIFF CAN ESTABLISH RELIANCE, CAUSATION AND INJURY ON A CLASS-WIDE BASIS .......... 1

III. PLAINTIFF CAN ESTABLISH DAMAGES ON A CLASS-WIDE BASIS .......... 5

IV. THE PROPOSED CLASSES ARE ASCERTAINABLE .......... 9

V. THERE ARE NO MATERIAL STATE LAW VARIATIONS THAT WOULD PRECLUDE CERTIFICATION OF A CLASS .......... 10

A. It is Proper to Apply California Law to a Nationwide Class in this Case .......... 10

B. In the Event the Court Declines to Certify a Nationwide Class, It Should Certify a Multistate Class .......... 11

VI. CONCLUSION .......... 12

# TABLE OF AUTHORITIES

## Cases

*Apple, Inc. v. Samsung Elec. Co., Ltd.*,
No. 12-cv-00630-LHK, 2014 WL 794328 (N.D. Cal. Feb. 25, 2014) ................ 6

*Astiana v. Ben & Jerry's Homemade, Inc.*,
No. C 10-4387 PJH, 2014 WL 60097 (N.D. Cal. 2014) ................ 8

*Astiana v. Kashi Co*,
291 F.R.D. 493 (S.D. Cal. 2013) ................ 5, 7, 10

*Berger v. Home Depot USA, Inc.*,
741 F.3d 1061 (9th Cir. 2014) ................ 3

*Bruno v. Eckhart Corp.*,
280 F.R.D. 540 (C.D. Cal. 2012) ................ 10

*Bruno v. Quten Research Corp.*,
280 F.R.D. 524 (C.D. Cal. 2011) ................ 5

*Butler v. Sears, Roebuck & Co.*,
727 F.3d 796 (7th 2013) ................ 1, 9

*Cabbat v. Philip Morris USA, Inc.*,
No. 10-00162 DKW/BMK, 2014 WL 32172 (D. Haw. Jan 6, 2014) ................ 7

*Carrera v. Bayer Corp.*,
727 F.3d 300 (3d Cir. 2013) ................ 9

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
MDL No. 1917, 2013 WL 5428139 (N. D. Cal. June 20, 2013) ................ 6

*Cesale v. Kelly*,
257 F.R.D. 396 (S.D.N.Y. 2009) ................ 12

*Chavez v. Blue Sky Natural Beverage Co.*,
340 F. App'x 359 (9th Cir. 2009) ................ 1

*Chavez v. Blue Sky Natural Beverage Co.*,
268 F.R.D. 365 (N.D. Cal. 2010) ................ 5, 7, 10

*Comcast Corp. v. Behrend*,
__ U.S. __, 133 S.Ct. 1426 (2013) ........ 6

*Delarosa v. Boiron, Inc.*,
275 F.R.D. 582 (C.D. Cal. 2011) ........ 10

*Feltner v. Columbia Pictures Television, Inc.*,
523 U.S. 340 (1998) ........ 11

*In re Ferrero Litig.*,
278 F.R.D. 552 (S.D. Cal. 2011) ........ 5

*Gartin v. S & M NuTec LLC*,
245 F.R.D. 429 (C.D. Cal. 2007) ........ 3

*Granite State Ins. Co. v. Smart Modular Technologies, Inc.*,
76 F.3d 1023 (9th Cir. 1996) ........ 11

*Grodzitsky v. American Honda Motor Co., Inc.*,
No. 12-cv-01142-SVW-PLAx, 2014 WL 718431 (C.D. Cal. Feb. 19, 2014) ........ 10

*Guido v. L'Oreal, USA*,
284 F.R.D 468 (C.D. Cal. 2012) ........ 5, 7

*Johns v. Bayer Corp.*,
280 F.R.D. 551 (S.D. Cal. 2012) ........ 5

*Johnson v. General Mills, Inc.*,
275 F.R.D. 282 (C.D. Cal. 2011) ........ 2

*Kaldenbach v. Mutual Omaha Life Ins. Co.*,
178 Cal App. 830 (2009) ........ 3

*Keegan v. Am. Honda Motor Co., Inc.*,
284 F.R.D. 504 (C.D. Cal. 2012) ........ 11

*Konik v. Time Warner Cable*,
No. 07-763 SVW (RZx), 2010 WL 8471923 (C.D. Cal. Nov. 24, 2010) ........ 10

*Leyva v. Medline Indust. Inc.*,
716 F.3d 510 (9th Cir. 2013) ........ 6

*Lindell v. Synthes USA*,
No. 11-cv-02053-LJO-BAM, 2014 WL 841738 (E.D. Cal. March 4, 2014) ........ 6

*Mahfood v. QVC, Inc.*,
No. 06-0659-AG(ANx), 2008 WL 5381008 (C.D. Cal. Sept. 22, 2008) ........ 8

*Makoff v. Trump University, LLC*,
No. 3:10-cv-0940-GPC-WVG, 2014 WL 688164 (S.D. Cal. 2014) ........ 2

*Mayer v. Gary Partners & Co., Ltd.*,
29 F.3d 330 (7th Cir. 1994) ........ 11

*Mazza v American Honda Motor Co., Inc.*,
666 F.3d 581 (9th Cir. 2012) ........ 10, 11

*McCrary v. Elations Co.., LLC*,
No. 13-00242 JGB (OPx), 2014 U.S. Dist. LEXIS 8443 (N.D. Cal. Jan. 13, 2014) ........ 6, 9, 10

*Moreno v. AutoZone, Inc.*,
251 F.R.D. 417 (N.D. Cal. 2008) ........ 9

*Nathan v. Boeing Co.*,
116 F.3d 422 (9th Cir. 1997) ........ 11

*O'Connor v. Boeing North American Inc.*,
184 F.R.D. 311 (C.D. Cal. 1998) ........ 6

*In re Rail Freight Fuel Surcharge Antitrust Litig.*,
725 F.3d 244 (D.C. Cir. 2013) ........ 7

*Red v. Kraft Foods, Inc.*,
No. CV 10–1028–GW(AGRx), 2012 WL 8019257 (C.D. Cal. Apr. 12, 2012) ........ 5

*Ries v. Arizona Beverages USA LLC*,
287 F.R.D. 523 (N.D. Cal. 2012) ........ 5, 9, 10

*Stearns v. Ticketmaster Corp.*,
655 F.3d 1013 (9th Cir. 2011) ........ 2

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
267 F.R.D. 291 (N.D. Cal. 2010) ........ 6, 7

*Thurston v. Bare Naked Corp.*,
No. 3:11–CV–02890–H (BGS), 2013 WL 5664985 (S.D. Cal. Jul. 30, 2013) ........ 5, 7, 10

*In re Tobacco II Cases*,
46 Cal. 4th 298, 207 P.3d 20 (2009) ........ 5

*Tokidoki, LLC v. Fortune Dynamic, Inc.*,
No. CV 07-1923 DSF (PJWx), 2009 WL 2366439 (C.D. Cal. July 28, 2009) ........ 4

*In re Toyota Motor Corp. Hybrid Brake Litig.*,
No. MDL 10-02172-CJC(RNBx), 2012 WL 4904412 (Sept. 20, 2012) ........ 6, 7

*Turcios v. Carma Laboratories, Inc.*
No. CV 12-8487-JGB(Ex), 2014 WL 323662 (C.D.Cal. Jan. 27, 2014) ........ 5

*TV Interactive Data Corp. v. Sony Corp.*,
929 F. Supp. 2d 1006 (N.D. Cal. 2013) ........ 6

*Washington Mutual Bank, FA v. Superior Court*,
24 Cal.4th 906, 103 Cal.Rptr.2d 320, 15 P.3d 1071 (2001) ........ 10

*Weiner v. The Dannon Company*,
255 F.R.D. 658 (C.D. Cal. 2009) ........ 2, 5, 7

*Williams v. Gerber Products Co.*,
552 F.3d 934 (9th Cir. 2008) ........ 4

*Wolph v. Acer America Corp.*,
272 F.R.D. 477 (N.D. Cal. 2011) ........ 2, 5, 9, 10

*In re Yasmin & Yaz Mktg. Sales Litig.*,
No. 09-md-02100-DRH-PMF, 2012 WL 865041 (S.D. Ill. March 13, 2012) ........ 8

*Zeisel v. Diamond Foods, Inc.*,
No. C 10-01192 JSW, 2011 WL 2221113 (N.D. Cal June 7, 2011) ........ 7, 10

**Statutes, Regulations, Rules & Miscellaneous**

Fed. R. Civ. P. 23(a) ........ 1

Fed. R. Civ. P. 23(b) ........ *passim*

Fed. R. Civ. P. 23(d) ........ 12

Brief of *Amici Curiae* Professors of Civil Procedure and Complex Litigation in Support of Petition for Rehearing *En Banc* in *Carrera v. Bayer Corp.* ........ 9

Newberg on Class Actions § 7:32 (5th ed.) ........ 12

vi

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

## I. Introduction

Defendant does not deny that its "natural" misrepresentations were false. [ **REDACTED TEXT** ] Defendant also essentially concedes that Plaintiffs have met their burden under Rule 23(a), burying their challenge in a single footnote.[1] Instead, Defendant wrongly argues that reliance, causation and injury cannot be established with common proof. Because these "natural" misrepresentations are material, there is a class-wide presumption that consumers purchased the products as a result of the misrepresentation. The price premium can be determined on a class-wide basis using standard techniques such as hedonic regression and conjoint analysis. If Defendant's arguments were correct, there could be no consumer class actions for misrepresentation claims and that is simply not the law. *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 801 (7th Cir. 2013).

## II. Plaintiff Can Establish Reliance, Causation and Injury on a Class-Wide Basis

Consumers are injured when they purchase a product subject to a material misrepresentation. *Chavez v. Blue Sky Natural Beverage Co.,* 340 F. App'x 359, 361 (9th Cir. 2009). Because Defendant's misrepresentation was material, the Court should presume class-wide reliance and that the misrepresentation caused a

---

[1] Defendant's arguments in footnote 4 concerning typicality and commonality are without merit. The commonality arguments fail for the reasons set forth below concerning predominance, and the typicality arguments fail because each Plaintiff paid a price premium and relied on Defendant's representation that the products were natural. *See* Declaration of Mark Kindall submitted herewith ("Kindall Decl.") at Ex. C (Sapeika Dep. at 41:5-18, 54:12-25); Ex. D (Fagan Dep. at 44:2-20, 45:13-16, 46:8-49:23, 53:20-55:25); Ex. E (Trinchero Dep. at 29:21-30:24, 41:13-18); Ex. F (Pennellatore Dep. at 35:12-36:14).

class-wide injury.[2] *Stearns v. Ticketmaster Corp.,* 655 F.3d 1013, 1022 (9th Cir. 2011). Courts have routinely found class-wide reliance in cases involving similar misrepresentations.[3]

Defendant's argument that different Class Members were subject to different misrepresentations fails. Every PDP displays the identical core phrase "naturally sourced." The purported difference between "naturally sourced" and "100% naturally sourced" (Defendant's Opposition ("Def. Mem.") at 14-15) is not material, as consumers understand *both* phrases to mean the same thing. *See* Howlett Decl. (submitted in conjunction with Plaintiffs' opening motion) at ¶¶13, 38-45; Howlett Rebuttal Decl. (submitted herewith as Exhibit B to the Kindall Declaration) at ¶5, 31.[4]

That the Product labels changed or that certain Class Members may have seen other, additional (mis)representations (Def. Mem. at 15) likewise fails: the core "naturally sourced" misrepresentation remained constant on the PDPs. *See Johnson,* 275 F.R.D. at 288-289.[5]

---

[2] Contrary to Defendant's argument (Def. Mem. at 10-14), damages are quantifiable on a class-wide basis. Whether analyzed under injury or damages, the price premium can be established by class-wide proof (*see* Part III *infra*).

[3] *See, e.g., Makoff v. Trump University, LLC*, 2014 WL 688164, at *12-14 (S.D. Cal. 2014); *Johnson v. General Mills, Inc.,* 275 F.R.D. 282, 288-89 (C.D. Cal. 2011); *Wolph v. Acer America Corp.*, 272 F.R.D. 477, 488 (N.D. Cal. 2011); *Weiner v. The Dannon Company*, 255 F.R.D. 658, 669-70 (C.D. Cal. 2009).

[4] Sapeika's deposition does not demonstrate that these phrases are materially different. Sapeika testified "I don't know that I would have seen it any differently, but I think having 100% there was an extra added reassurance." Kindall Decl. at Ex. C (Sapeika Dep. at 71). "*Extra*" and "*added* reassurance" does not change the plain meaning of "naturally sourced." However, to the extent that the Court concludes that the addition of "100%" would make a material difference to a reasonable consumer, that issue could be resolved through subclasses.

[5] *See also* the cases cited in note 3 *supra,* in which the disputed verbiage was common to the entire class. Defendant's reliance on *Kaldenbach v. Mutual Omaha*

1    Contrary to Defendant's argument (Def. Mem. at 15-17), Plaintiffs use two
2 independent methods of proving materiality: **[      REDACTED TEXT      ]** and
3 Howlett's expert consumer research.  Pl. Mem. at 12-13, 14-15; *see also* Def.
4 Mem. at 15.  First, [      **REDACTED TEXT**

5

6

7

8

9

10

11                                    **]**

12    Second, Defendant relies solely upon the analysis of Joseph Ridgway to
13 argue that Howlett's methodology was flawed (Def. Mem. at 15-16).  Critically,
14 Ridgway never opines that the "naturally sourced" misrepresentations are
15 immaterial.  Howlett's rebuttal report demonstrates why each of Ridgway's
16 criticisms are incorrect and should be ignored.  *See* Howlett Rebuttal Decl. at ¶¶7-
17 30.  Additionally, Howlett properly tested consumer response to the specific
18 misrepresentations rather than the entire packages.  Howlett Rebuttal Decl. at ¶¶24-
19 25.  Indeed, where the misrepresentation is uniform, courts disregard packaging
20 variations (*see supra* notes 3 and 5).  Moreover, a Defendant cannot make

21

22

23 *Life Ins. Co.,* 178 Cal App. 830, 850 (2009) (Def. Mem. at 14, 15) is misplaced
24 because the alleged misrepresentations were *non-uniform* statements by
   independent agents.  In *Berger v. Home Depot USA, Inc*., 741 F.3d 1061,1069 (9th
25 Cir. 2014), class members were *not* all exposed to the alleged deceptive practices.
26 In *Gartin v. S & M NuTec LLC*, 245 F.R.D. 429, 440 (C.D. Cal. 2007) (Wilson, J.),
27 the named plaintiff admitted that she did not read the packaging and could not have
   relied on a material misrepresentation.

28                                     3

misrepresentations on the front of a package and escape liability by disclosures on the back. *Williams v. Gerber Products Co.,* 552 F.3d 934, 939 (9th Cir. 2008).[6]

**[ REDACTED TEXT**

**]**

Defendant's own PDPs represent that *everything* in the tube is "SUNSCREEN." *See* Kindall Decl., Ex. G. This is common sense: a consumer wants the *entire* product to be natural, not just the active sun blockers. Howlett Decl. at 13.[7]

**[ REDACTED TEXT**

**]**[8] The issue is **[ REDACTED TEXT**

**]** simply whether the natural misrepresentation was material, from which reliance is presumed.[9]

---

[6] Even Dr. Hao Ouyang, Defendant's employee and product formula witness, stated that he "couldn't be sure" whether many of the ingredients listed on the back of the product labels were natural extracts or synthetic chemicals. Veno Decl., Ex. C (Ouyang Dep. at 18). In any event, questions about the weight to be given to the competing expert reports should not be determined on a motion for class certification. In the sole case cited by Defendant, the court rejected an expert report only *after a full evidentiary trial. Tokidoki, LLC v. Fortune Dynamic, Inc.,* 2009 WL 2366439, at *1, 14 (C.D. Cal. July 28, 2009).

[7] **[ REDACTED TEXT**

**]**

[8] **[ REDACTED TEXT**

**]**

[9] *See In re Tobacco II Cases*, 46 Cal. 4th 298, 326-27, 207 P.3d 20, 39 (2009); *Astiana v. Kashi Co*, 291 F.R.D. 493, 501-03, 505 (S.D. Cal. 2013); *Thurston v.*

**III. Plaintiff Can Establish Damages on a Class-Wide Basis**

Consumers paid a price premium due to the "natural" representation which can be established through class-wide proof. [ **REDACTED TEXT** ]

[ **REDACTED TEXT** ]. Hedonic regressions are widely accepted. *See,*

*Bare Naked Corp.*, 2013 WL 5664985, at *5 (S.D. Cal. Jul. 30, 2013); *Johns v. Bayer Corp.,* 280 F.R.D. 551, 557-59 (S.D. Cal. 2012); *Red v. Kraft Foods, Inc.*, 2012 WL 8019257, at *8 (C.D. Cal. Apr. 12, 2012); *Guido v. L'Oreal, USA*, 284 F.R.D 468, 476-78 (C.D. Cal. 2012); *Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523, 537-39 (N.D. Cal. 2012); *In re Ferrero Litig.*, 278 F.R.D. 552, 560 (S.D. Cal. 2011); *Bruno v. Quten Research Corp.,* 280 F.R.D. 524, 534-35 (C.D. Cal. 2011); *Chavez v. Blue Sky Natural Beverage Co.,* 268 F.R.D. 365, 376-78 (N.D. Cal. 2010); *Weiner* 255 F.R.D. at 669-70; *Wolph.*, 272 F.R.D. at 488.

*Turcios v. Carma Laboratories, Inc.*, 2014 WL 323662, at *7 (C.D.Cal. Jan. 27, 2014) (Def. Mem. at 17) correctly stated that reliance is presumed from materiality and that materiality is an objective standard. For reasons that are unclear, the court disregarded that standard.

*e.g., In re Cathode Ray Tube (CRT) Antitrust Litig.,* 2013 WL 5428139, at *8 (N. D. Cal. June 20, 2013); *In re Toyota Motor Corp. Hybrid Brake Litig.,* 2012 WL 4904412, at *4 (Sept. 20, 2012); *In re TFT-LCD (Flat Panel) Antitrust Litig.,* 267 F.R.D. 291, 313 (N.D. Cal. 2010); *O'Connor v. Boeing North American Inc.,* 184 F.R.D. 311, 341 (C.D. Cal. 1998).[10]

A hedonic regression methodology satisfies *Comcast Corp. v. Behrend,* __ U.S. __, 133 S.Ct. 1426 (2013). *Comcast* held only that "a model purporting to serve as evidence of damages in [a] class action must measure only those damages attributable to that theory." *Leyva v. Medline Indust. Inc.*, 716 F.3d 510, 514 (9th Cir. 2013) (quoting *Comcast,* 133 S.Ct. at 1431, 1433).[11] *See Lindell v. Synthes USA*, 2014 WL 841738, at *14 (E.D. Cal. March 4, 2014); *McCrary v. Elations Co.., LLC,* 2014 U.S. Dist. LEXIS 8443, at *50 (N.D. Cal. Jan. 13, 2014).[12] And

---

[10] **[ REDACTED TEXT**
**]** Conjoint analyses have similarly been accepted by courts. *See, e.g., TV Interactive Data Corp. v. Sony Corp.,* 929 F. Supp. 2d 1006, 1022 (N.D. Cal. 2013); *Apple, Inc. v. Samsung Elec. Co., Ltd.,* 2014 WL 794328, at *17 (N.D. Cal. Feb. 25, 2014).

[11] **[ REDACTED TEXT**

**]**

[12] Moreover, "on individual damage calculations, the *Comcast* ruling breaks no new grounds, nor does it alter the existing class certification construct." *Lindell*, 2014 WL 841738, at *14. Accordingly, the pre-*Comcast* cases remain good law. *See, e.g., In re Toyota,* 2012 WL 4904412, at *1, 4; *Astiana v. Kashi Co.,* 291 F.R.D. at 506; *Thurston*, 2013 WL 5664985, at *10; *Zeisel v. Diamond Foods, Inc.,* 2011 WL 2221113, at *10 (N.D. Cal June 7, 2011). Both before and after *Comcast,* courts certified classes without requiring plaintiffs to present an expert report at all. *See, e.g., Thurston,* 2013 WL 5664985, at *10; *Guido,* 284 F.R.D. at 479; *Weiner,* 255 F.R.D. at 670-71; *Chavez*, 268 F.R.D. 365, 379 (N.D. Cal. 2010). In reliance on these cases, Plaintiffs did not submit an expert on damages in their opening motion, but submit one now to rebut Defendant's Ugone report.

Defendant implicitly acknowledges that so long as Plaintiffs have articulated a valid damages *methodology*, Plaintiffs need not have actually "run" their model yet (*see generally* Def. Mem. at 10-11).

Here, this litigation is still at the initial stages of discovery (indeed, the parties only recently concluded negotiations concerning the scope of document production),

**[ REDACTED TEXT**

][13]

Defendant's argument that there is no single "comparable product" (Def. Mem. at 12-14) is vastly overstated, as the issue is the amount of the premium charged as a result of the misrepresentation.[14] Plaintiffs need not isolate a *single* competing product; they need to identify the price premium.[15]

---

[13] Defendant's reliance on *Cabbat v. Philip Morris USA, Inc.*, 2014 WL 32172, at *12 (D. Haw. Jan 6, 2014) (Def. Mem. at 11), is misplaced; in *Cabbat,* the plaintiffs provided only "bare bones" allegations that plaintiffs had been deprived of the "benefit of the bargain." *In re Rail Freight Fuel Surcharge Antitrust Litig.,* 725 F.3d 244, 253 (D.C. Cir. 2013) merely stated that plaintiffs' damages models should not be "divorced from the plaintiffs'' theory of liability."

[14] Plaintiffs' argument concerning the prices of competing products (*see, e.g.,* Pl. Mem. at 7, 13) was cited as *one* example of evidence that could demonstrate a price premium. The measure of damages is the difference in value of the Products with and without the "natural" misrepresentations, a fact which Defendant concedes (Def. Mem. at 11, 14). Expert testimony establishes the Class' actual damages. *See, e.g.,* Pl. Mem. at 13.

[15] Defendant's reliance on *In re Yasmin & Yaz Mktg. Sales Litig.,* 2012 WL 865041, at *24 (S.D. Ill. March 13, 2012) is without merit, as the *Yasmin* plaintiffs, unlike Plaintiffs here, expressly based their damages claim on their ability to find a single comparable product, but failed to identify such a product. Here, as discussed above, Plaintiffs' damages methodology is based upon a broad-based regression of attributes of products in the sunscreen market generally.

Defendant's argument that Plaintiffs cannot properly compare the price charged for the Products with that charged for other sunscreens (Def. Mem. at 13) does not defeat certification, [ **REDACTED TEXT** ].[16]

][17]

[16] [ **REDACTED TEXT** ]

[17] Finally, even if the Court were to conclude that damages cannot be calculated on a class-wide basis, the Class would still be entitled to the injunctive relief Plaintiffs seek in Prayer for Relief "B" in the Amended Complaint.

## IV. The Proposed Classes Are Ascertainable

Defendant relies almost exclusively on *Carrera v. Bayer Corp.*, 727 F.3d 300 (3d Cir. 2013) to argue the Class is not ascertainable (Def. Mem. at 24-25). However, courts in *this* Circuit have rejected *Carrera* as imposing improper burdens on class actions. *See, e.g., McCrary*, 2014 U.S. Dist. LEXIS 8443, at *24-25 (*Carrera* is not "the law in the Ninth Circuit"). The Seventh Circuit also declined to abandon well-established ascertainability guidelines, recognizing that narrow new requirements would allow corporations "to escape liability for tortious harms of enormous aggregate magnitude but so widely distributed as not to be remediable in individual suits." *Butler*, 727 F.3d at 801. Moreover, prominent professors of civil procedure have urged the Third Circuit to reverse *Carrera*. *See, e.g.,* Kindall Decl., Ex. H (Brief of *Amici Curiae* Professors of Civil Procedure and Complex Litigation in Support of Petition for Rehearing *En Banc*). They explain that *Carrera* has no "coherent basis" and will serve only to harm consumers. *See generally id.*

Contrary to *Carrera*, "[i]n this Circuit, it is enough that the class definition describes a set of common characteristics sufficient to allow a prospective plaintiff to identify himself or herself as having a right to recover based on the description." *McCrary,* 2014 U.S. Dist. LEXIS 8443, at *24-25) (quoting *Moreno v. AutoZone, Inc.*, 251 F.R.D. 417, 421 (N.D. Cal. 2008)). Accordingly, a consumer class is ascertainable when "the class definition clearly defines the characteristics of a class member by providing a description of the allegedly offending product and the eligible dates of purchase." *McCrary,* 2014 U.S. Dist. LEXIS 8443, at *25; *Ries*, 287 F.R.D. at 535 (quoting *Wolph*, 272 F.R.D. at 482).

Plaintiff's Class definitions specify the Products at issue and the time periods in which putative Class Members must have purchased those products. *See* Pl. Mot. at i-iii. Moreover, as is common practice, Class Members can submit

affidavits or declarations to confirm their membership in the Class. *Astiana*, 291 F.R.D. at 500; *Ries*, 287 F.R.D. at 532; *Wolph*, 272 F.R.D. at 482; *Zeisel*, 2011 WL 2221113, at *6; *Delarosa v. Boiron, Inc.*, 275 F.R.D. 582, 592 (C.D. Cal. 2011); *Thurston*, 2013 WL 5664985, at *3; *Chavez v. Blue Sky Natural Beverage Co.*, 268 F.R.D. 365, 377 (N.D. Cal. 2010).[18]     Accordingly, Plaintiffs' proposed Classes satisfy Rule 23's ascertainability requirements.[19]

## V.     There are No Material State Law Variations that Would Preclude Certification of a Class

### A.     It is Proper to Apply California Law to a Nationwide Class in this Case

Plaintiffs recognize this Court's ruling in *Grodzitsky v. American Honda Motor Co., Inc.,* 2014 WL 718431 (C.D. Cal. Feb. 19, 2014).   That being said, under California law, the defendant must "shoulder the burden of demonstrating that foreign law, rather than California law, should apply to class claims." *Washington Mutual Bank, FA v. Superior Court,* 24 Cal.4th 906, 921, 103 Cal.Rptr.2d 320, 15 P.3d 1071 (2001).   Here, Defendant has done little to meet its burden beyond citing *Mazza v American Honda Motor Co., Inc.,* 666 F.3d 581 (9th Cir. 2012).   A similar argument was recently rejected by this Court.   *Bruno v.*

---

[18]   Defendant incorrectly argues, relying largely on *Carrera*, that Class members should not be allowed to self-identify through declarations.   However, "the fact that particular persons may make false claims of [Class] membership does not invalidate the objective criteria used to determine inclusion" because "sufficient notice can cure confusion and these issues may be addressed later in the litigation." *McCrary,* 2014 U.S. Dist. LEXIS 8443, at *26.

[19]   In *Konik v. Time Warner Cable,* 2010 WL 8471923 (C.D. Cal. Nov. 24, 2010) (Def. Mem. at 25), plaintiffs failed to establish the class was ascertainable because they had not provided "any evidence whatsoever that other former Adelphia subscribers experienced service interruptions" or any methodology for determining whether such interruptions had occurred.   *Id.* at *10.   Here, *every* consumer who purchased a Product paid a premium and  was injured.

*Eckhart Corp.,* 280 F.R.D. 540, 548 (C.D. Cal. 2012). Under the particular facts of this case, application of California law to a nationwide class is appropriate.

### B. In the Event the Court Declines to Certify a Nationwide Class, It Should Certify a Multistate Class

The Court can also certify a class, with or without subclasses, comprised of persons from states whose laws are materially similar to California's. The sole question is whether minor variations in those states' laws create manageability issues sufficient to defeat predominance. As this Court has held, "[d]efendants, as the parties asserting that variations in state law defeat predominance, bear the burden on the issue." *Keegan v. Am. Honda Motor Co., Inc.,* 284 F.R.D. 504, 541 (C.D. Cal. 2012).

Defendant wrongly asserts that differences in state laws concerning injury, reliance, causation, and statutory exemptions present insurmountable hurdles to certifying a multistate class.[20] As set forth in Exh. I to the Kindall Declaration, these claims are incorrect. The laws of Alaska, Arkansas, California, Connecticut, Delaware, the District of Columbia, Florida, Hawai'i, Illinois, Massachusetts,

---

[20] Def. Br., at 17-19. The remainder of Defendant's claims do not go to liability or pose a manageability issue. While Defendant is correct that states have different provisions with respect to the availability of attorneys' fees and trial by jury, such differences are not material as defined by *Mazza* – they do not "have a significant effect on the outcome of the trial." 666 F.3d at 590-91. The ability of a successful litigant to obtain attorneys' fees is not relevant to an adjudication of the merits. And, Courts routinely decide certain claims while submitting others to a jury. Moreover, whether a jury trial is available in federal court is determined as a matter of *federal* law. *See Mayer v. Gary Partners & Co., Ltd*., 29 F.3d 330, 333 (7th Cir. 1994) (cited with approval in *Nathan v. Boeing Co.,* 116 F.3d 422, 424 (9th Cir. 1997); *see also Granite State Ins. Co. v. Smart Modular Technologies, Inc.,* 76 F.3d 1023, 1026-27 (9th Cir. 1996). Since Plaintiffs seek damages, they are entitled to a jury trial. *Feltner v. Columbia Pictures Television, Inc.,* 523 U.S. 340, 352, (1998).

Michigan, Missouri, New York, Rhode Island, Vermont, Washington and Wisconsin are materially the same, posing no significant manageability issues.[21] If the Court determined that it was useful to do so, it could certify case management subclasses to deal with minor variations.[22]

## VI. Conclusion

For the reasons stated herein, Plaintiffs respectfully request the Court certify the classes described in their Motion for Class Certification, appoint them as class representatives, and appoint Lead and Liaison Class Counsel as indicated in the proposed order submitted with their Motion.

Dated: March 24, 2014

Respectfully submitted,

By: /s/ Mark P. Kindall

Jeffrey S. Nobel (admitted *pro hac vice*)
Mark P. Kindall (State Bar No. 138703)
Robert A. Izard (admitted *pro hac vice*)
Nicole A. Veno (admitted *pro hac vice*)
**IZARD NOBEL LLP**
29 South Main Street, Suite 305
West Hartford, CT 06107
Telephone: (860) 493-6292
Facsimile: (860) 493-6290
jnobel@izardnobel.com
mkindall@izardnobel.com
rizard@izardnobel.com
nveno@izardnobel.com

[21] Plaintiffs withdraw their suggestion that the multistate group include the states of Maine, Nebraska, New Hampshire and New Jersey.

[22] Case management subclasses are authorized by Rule 23(d) and "are appropriate when 'there is no actual conflict among class members in the underlying claims common to the entire class' and the subclass is 'created solely to expedite resolution of the case by segregating [a distinct legal] issue [that is] common to some members of the existing [class].'" Newberg on Class Actions § 7:32 (5th ed.) *citing Cesale v. Kelly,* 257 F.R.D. 396, 408-09 (S.D.N.Y. 2009).

Elizabeth P. Lin (State Bar No. 174663)
**THE LIN LAW FIRM, APLC**
2705 S. Diamond Bar Blvd., Suite 398
Diamond Bar, CA 91765
Telephone: (909) 595-5522
Facsimile: (909) 595-5519
elizabethl@thelinlawfirm.com

Ronen Sarraf (admitted *pro hac vice*)
Joseph Gentile (admitted *pro hac vice*)
**SARRAF GENTILE LLP**
1055 Franklin Avenue, Suite 204
Garden City, New York 11530
Tel: (516) 699-8890
Fax: (516) 699-8968
ronen@sarrafgentile.com
joseph@sarrafgentile.com

Attorneys for Plaintiffs JULIE FAGAN, MELISSA PENNLLATORE, AMY SAPEIKA and SHELLEY TRINCHERO, Individually and on Behalf of All Others similarly Situated