1  HAROLD P. WEINBERGER  (*admitted pro hac vice*)
   hweinberger@kramerlevin.com
2  EILEEN M. PATT (*admitted pro hac vice*)
   epatt@kramerlevin.com
3  KRAMER LEVIN NAFTALIS & FRANKEL LLP
   1177 Avenue of the Americas
4  New York, New York  10036
   Telephone:  (212) 715-9100
5  Facsimile: (212) 715-8000

6  LISA KOBIALKA (State Bar No. 191404)
   lkobialka@kramerlevin.com
7  KRAMER LEVIN NAFTALIS & FRANKEL LLP
   990 Marsh Road
8  Menlo Park, CA 94025
   Telephone: (650) 752-1700
9  Facsimile: (650) 752-1800

10 Attorneys for Defendant
   NEUTROGENA CORPORATION
11

12           IN THE UNITED STATES DISTRICT COURT

13           FOR THE CENTRAL DISTRICT OF CALIFORNIA
14

15
   JULIE FAGAN, MICHAEL FAGAN,      Case No.:  EDCV 13-01316 SVW (OPx)
16 MELISSA PENNELLATORE, AMY
   SAPEIKA and SHELLEY TRINCHERO,   **NOTICE OF MOTION AND MOTION**
17 Individually and on Behalf of All Others  **TO STRIKE PLAINTIFFS' NOTICE**
   Similarly Situated,              **OF SUPPLEMENTAL AUTHORITY**
18                                  **IN SUPPORT OF PLAINTIFFS'**
                                    **MOTION FOR CLASS**
19                                  **CERTIFICATION**
            Plaintiffs,
20
                                    Proposed Date: June 16, 2014
21      v.                          Time:         1:30 p.m.
                                    Before:       Hon. Stephen V. Wilson
22 NEUTROGENA CORPORATION,          Courtroom:    6
23
            Defendant.
24

25

26

27

28
                                    NOTICE OF MOTION AND MOTION TO STRIKE
                                    Case No.:  EDCV 13-01316 SVW (OPx)

**TO THE PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 16, 2014, at 1:30 p.m., or as soon thereafter as this motion may be heard in the above-entitled court, located at 312 North Spring Street, Los Angeles, California, Defendant Neutrogena Corporation ("Neutrogena") will, and hereby moves the Court for an order striking Plaintiffs' Notice of Supplemental Authority in Support of Plaintiffs' Motion for Class Certification ("Notice of Supplemental Authority" or "Notice"), filed on May 15, 2014.

This Motion is made on the ground that the Notice of Supplemental Authority is an improper sur-surreply to Neutrogena's duly filed surreply in opposition to Plaintiffs' Motion for Class Certification ("Surreply"), which Neutrogena was granted permission by the Court to file in response to arguments and evidence, including expert testimony, submitted by Plaintiffs for the first time in Plaintiffs' reply submission ("Reply").  (Doc. No. 91.)  The Notice does not merely notify the court of recently-filed decisions; rather it uses those cases as a pretense for advancing legal and factual arguments responsive to Neutrogena's Surreply, including an attempt to distinguish a case that was actually cited in Neutrogena's Surreply.  Even more egregious, the Notice uses its description of those authorities to respond to arguments advanced by Neutrogena in the Surreply concerning Plaintiffs' expert, Colin Weir.  The Notice of Supplemental Authority was filed despite the fact that Plaintiffs' counsel previously acknowledged in an email they had no right to respond to the Surreply and represented that they would not do so.  Because the Notice of Supplemental Authority was filed in violation of Rule 7-10 of the Local Civil Rules of the Central District of California, as well as the express written commitment made by Plaintiffs' counsel, the Notice should be stricken.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Harold P. Weinberger and the

exhibit attached thereto, all other pleadings, papers, documents, and records on file with the Court, and such further arguments and evidence as may be properly presented to the Court.

DATED:  May 19, 2014                    Respectfully submitted,


By: */s/ Harold P. Weinberger*
    Harold P. Weinberger (*admitted pro hac vice*)
    Eileen M. Patt (*admitted pro hac vice*)
    Lisa Kobialka (State Bar No. 191404)
    Kramer Levin Naftalis & Frankel LLP
    Attorneys for Defendant
    Neutrogena Corporation

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs' Notice of Supplemental Authority purports to advise the Court of four "new" cases, all of which predate Neutrogena's Surreply, one by seven weeks. Rather than simply identifying the "new" cases and the issues to which they are relevant, Plaintiffs have engaged in extensive argument on both legal and evidentiary matters responsive to various arguments relevant to Plaintiffs' Motion for Class Certification, including arguments advanced by Neutrogena in its Surreply. The Surreply was itself necessitated by Plaintiffs' improper introduction of an expert report of Colin Weir offering new purported methodologies for establishing injury on a classwide basis for the first time in Plaintiffs' reply papers. As an example, one of the four purportedly "new" cases – *In re Pom Wonderful,* 2014 WL 1225184 (C.D. Cal. Mar. 25, 2014) – is a case that was cited in Neutrogena's Surreply, and Plaintiffs' "Notice" contains two pages of single-spaced argument attempting to distinguish it. Plaintiffs have also used their discussion of these cases to respond to arguments made in Neutrogena's Surreply concerning Mr. Weir's expert opinion by references to Mr. Weir's transcript, which Neutrogena had consented to allow Plaintiffs to file on condition that no attempt would be made to file papers responding to Neutrogena's Surreply. Plaintiffs' submission is a transparent and improper attempt to reply to the Surreply, in violation of the Local Rules and the written commitment of Plaintiffs' counsel that no attempt would be made to do so. Accordingly Neutrogena requests that the Notice of Supplemental Authority be stricken.

## II.    FACTUAL BACKGROUND

The relevant background of this case was fully set forth in Neutrogena's Motion to Strike Plaintiffs' first attempt to introduce improper submissions. (Doc. No. 92). In sum, Plaintiffs filed their Motion for Class Certification on December 12, 2013 (Doc.

KL3 2973271.2

No. 52).  In their moving papers, Plaintiffs advanced one methodology to prove injury and damages on a classwide basis, but offered literally no evidence in support of this method.  On February 21, 2014, Neutrogena filed its Opposition (Doc No. 72).  Among other things, Neutrogena argued that Plaintiffs' unsupported methodology failed to satisfy their burden to affirmatively demonstrate that injury was susceptible to classwide proof, as required by Fed. R. Civ. P. 23(b)(3).  Beyond that, Neutrogena demonstrated that, as a preliminary matter, a showing of injury will require determination of individual issues, and even as to "injured" plaintiffs, Neutrogena demonstrated that common proof of injury is not possible.  In support of its position, Neutrogena offered the testimony of one if its Rule 30(b)(6) witnesses, as well as the expert declaration of Dr. Keith Ugone.

On March 24, 2014, Plaintiffs filed their Reply (Doc. No. 84), along with a declaration from a new purportedly expert witness, Mr. Colin B. Weir.  Recognizing that they had failed to support their original method with any evidence, that Neutrogena had offered substantial evidence that injury and damages were not susceptible to classwide proof, and that their original method was, in fact, wholly incapable of proving injury classwide, Plaintiffs abandoned their methodology and advanced for the first time in reply two new damage methodologies.  Mr. Weir was deposed on April 3, 2014.

On April 17, 2014, Plaintiffs filed their first Notice of Supplemental Authority (Doc. No. 85), which, unlike the present Notice, merely identified a case that was decided the week before, and the issues to which it was supposedly relevant.  Although technically not permitted under the Federal or Local Rules, Neutrogena did not object to the April 17 notice, but instead filed a brief Response on April 24, 2014 (Doc. No. 86), explaining why the case was inapposite here.

On May 1, 2014, based on the fact that Plaintiffs had offered Mr. Weir's new opinions for the first time with their Reply, Neutrogena filed a Motion to Permit

KL3 2973271.2

Surreply Or, In The Alternative, To Strike New Evidence And Argument In Plaintiffs' Reply (Doc. No. 92).  On May 2, 2014, the Court granted Neutrogena's motion (Doc. No. 91), and deemed the Surreply submission to have been filed as of that date.  Along with the Surreply, Neutrogena submitted a true and correct copy of excerpts from the transcript of the deposition of Mr. Colin Weir that were cited in the Surreply submission.

On May 5, 2014, counsel for Plaintiffs, Robert Izard, requested by e-mail Neutrogena's consent to file the full transcript of Mr. Weir's deposition.  *See* Declaration of Harold P. Weinberger in Support of Neutrogena's Motion to Strike ("Weinberger Decl."), Ex. 1.  Counsel for Neutrogena consented, on the condition that Plaintiffs "not  . . mak[e] any substantive arguments" with respect to Mr. Weir's testimony.  Mr. Izard acknowledged that "I agree we don't have a right to respond and assume you would object to us filing a written sur-surreply and that we will be making arguments at the hearing."  (*Id.*)

Ten days later on May 15, 2014, Plaintiffs filed a six page, mostly single-spaced Notice of Supplemental Authority (Doc. No. 104), despite having never sought or obtained leave to file any additional argument or evidence in sur-surreply to Neutrogena's Surreply submission.  Unlike its April 17 notice, and contrary to Mr. Izard's May 5 commitment, the Notice contains substantive arguments about Mr. Weir's testimony and other responses to Neutrogena's Surreply.

## III.  <u>ARGUMENT</u>

The May 15 Notice of Supplemental Authority, filed after Neutrogena submitted its Surreply, constitutes an improper sur-surreply and should be struck in its entirety.

Local Rule 7-10 provides that "[a]bsent prior written order of the Court, the opposing party shall not file a response to the reply."  Courts routinely strike documents submitted in violation of this Rule.  *See, e.g.*, *Spalding Labs., Inc. v. Arizona Biological*

3

MEMORANDUM IN SUPPORT OF MOTION TO STRIKE
Case No.:  EDCV 13-01316 SVW (OPx)

KL3 2973271.2

*Control, Inc.*, 2008 WL 2227501, at *1 n.2 (C.D. Cal. May 29, 2008) ("The Court strikes and does not consider Spalding's 14-page 'sur-opposition' to ARBICO's reply brief.") (citing Local Rule 7-10); *see also Bull v. Scribner*, 2012 U.S. Dist. LEXIS 120059, at *2 (E.D. Cal. Aug. 23, 2012) (striking surreply titled "Supplemental Answering Objection to the Defendants' Reply to Opposition to Motion to Dismiss Plaintiff's First Amended Complaint" because "[n]either the Local Rules nor the Federal Rules provide the right to file a surreply, and the Court neither requested one nor granted a request on the behalf of Plaintiff to file one."); *Cruz v. Tilton*, 2009 WL 3126518, at *1 (E.D. Cal. Sept. 24, 2009) (striking document titled "Response in Support of denying 12(b) Motion" on grounds that it "appears to be a surreply").

Courts in this district and in others in the Ninth Circuit routinely strike briefs masked as "Notice of Supplemental Authorities" when the briefs contain improper argument. *See Nichols v. Harris,* ---F. Supp. 2d-- 2014 WL 1716135, at *5 n.3 (C.D. Cal. May 1, 2014) ("Filing a notice of supplemental authority to inform the Court of a new judicial opinion that has been issued is appropriate, but it is an improper occasion to argue outside the pleadings."); *Rollins v. Fresenius USA, Inc.,* 2014 WL 462822, at *2 n.1 (C.D. Cal. Feb. 4, 2014) (granting defendants' ex parte application to strike plaintiffs' "Notice of Motion to File Supplemental Authority," finding that plaintiffs' motion was improper); *Hagens Berman Sobol Shaprio LLP v. Rubinstein*, 2009 WL 3459741, at *1 (W.D. Wash. Oct. 22, 2009) ("notice of supplemental authority was improper . . . because it contained argument regarding the case").

There is no reasonable dispute that the Notice violates the Local Rules[1] and counsel's commitment by improperly proffering substantive arguments in response to

---

[1] The Notice not only violates L.R. 7-10, it also violates the requirements in L.R. 11-3.6 that all text be double-spaced, in what appears to be an attempt to create the appearance that the six-page submission is not, in fact, a lengthier memorandum.

KL3 2973271.2

Neutrogena's Surreply.  First, in an unmistakable attempt to reply to the Surreply, Plaintiffs purport to notify the Court of a decision that was actually cited in the Surreply.  *See* Surreply at pp. 3, 8 (discussing *In re Pom Wonderful*, 2014 WL 1225184 (C. D. Cal. Mar. 25, 2014).)  Plaintiffs dedicate nearly two single-spaced pages to argue why *Pom* is not "as Defendant would [interpret] it."  Notice at 4-6 (citing Surreply and Weir deposition).

Second, Plaintiffs' discussion of each of the remaining cases in the Notice attempts to refute arguments advanced in the Surreply, and explain why Mr. Weir's testimony is sufficient to establish classwide injury and other Rule 23 requirements.  In each of these substantive discussions, contrary to Mr. Izard's representations, Plaintiffs cite Mr. Weir's deposition testimony, which Neutrogena agreed could be filed only on the condition that such arguments would not be made.  Weinberger Decl. ¶ 7, Ex. 1.  *See* Notice, p. 1-2 (citing Weir deposition as support for argument refuting Surreply's "critici[sm] [of] Plaintiff's expert methodology"); *id*. at 3 (citing Surreply and Weir deposition to argue why the case is distinguishable); *id*. at 4 (citing Surreply and Weir deposition to support argument that the case is analogous because "Plaintiff's [*sic*] expert damages report was presented in conjunction with other evidence"); *id*. at 5-6 (same; arguing that Mr. Weir's methods comport with *Pom*).  Plaintiffs even attempt to argue why a case from February 2014 – decided well before Plaintiffs' filed their Reply at the end of March 2014 – supports their motion.  Notice, p. 4, n.3.

Accordingly, the Notice of Supplemental Authority constitutes an improper sur-surreply filed without the required leave and in breach of the parties' agreement.  It should be stricken in its entirety.  Local Rule 7-10; *Spalding Labs.*, 2008 WL 2227501, at *1 n.2.

KL3 2973271.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IV.**   **CONCLUSION**

For the foregoing reasons, Neutrogena respectfully requests that the Court strike Plaintiffs' May 15, 2014, Notice of Supplemental Authority.


DATED:  May 19, 2014                Respectfully submitted,

                                                      KRAMER LEVIN NAFTALIS & FRANKEL LLP


                                                      By: */s/ Harold P. Weinberger*_____
                                                           Harold P. Weinberger (*admitted pro hac vice*)
                                                           Eileen M. Patt (*admitted pro hac vice*)1177
                                                           Avenue of the Americas
                                                           New York, New York  10036
                                                           (212) 715-9100
                                                           hweinberger@kramerlevin.com
                                                           epatt@kramerlevin.com


                                                           Lisa Kobialka (State Bar No. 191404)
                                                           990 Marsh Road
                                                           Menlo Park, CA  94025
                                                           (650) 752-1700
                                                           lkobialka@kramerlevin.com

                                                           Attorneys for Defendant
                                                           Neutrogena Corporation

6

MEMORANDUM IN SUPPORT OF MOTION TO STRIKE
Case No.:  EDCV 13-01316 SVW (OPx)

KL3 2973271.2