Elizabeth P. Lin (State Bar No. 174663)
**THE LIN LAW FIRM, APLC**
2705 S. Diamond Bar Blvd., Suite 398
Diamond Bar, CA 91765
Telephone: (909) 595-5522
Facsimile: (909) 595-5519
elizabethl@thelinlawfirm.com

Mark P. Kindall (State Bar No. 138703)
Robert A. Izard (admitted *pro hac vice*)
Jeffrey S. Nobel (admitted *pro hac vice*)
Nicole A. Veno (admitted *pro hac vice*)
**IZARD NOBEL LLP**
29 South Main Street, Suite 305
West Hartford, CT 06107
Telephone: (860) 493-6292
Facsimile: (860) 493-6290
mkindall@izardnobel.com
rizard@izardnobel.com
jnobel@izardnobel.com
nveno@izardnobel.com

Attorneys for Plaintiffs
[Additional Counsel on Signature Page]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE FAGAN, MELISSA PENNELLATORE, AMY SAPEIKA and SHELLEY TRINCHERO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEUTROGENA CORPORATION,<br><br>Defendant. | Case No.: EDCV 13-01316 SVW (OPx)<br><br>CLASS ACTION<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT NEUTROGENA CORPORATION'S EX PARTE APPLICATION TO SHORTEN TIME AND MOTION TO STRIKE**<br><br>Date: June 16, 2014<br>Time: 1:30 P. M.<br>Judge: Stephen V. Wilson<br>Place: Courtroom 6 |

---

**PLAINTIFFS' RESPONSE TO DEFENDANT NEUTROGENA CORPORATION'S
EX PARTE APPLICATION TO SHORTEN TIME AND MOTION TO STRIKE**

Plaintiffs respectfully submit this memorandum in response to defendant Neutrogena Corporation's ("Neutrogena" or "Defendant") Ex Parte Application to Shorten Time [ECF No. 108] (the "Application") and Motion to Strike Notice of Supplemental Authority [ECF No. 107] (the "Motion"). Plaintiffs consent to the Application. Plaintiffs vigorously object to the Motion because Plaintiffs' Notice of Supplemental Authority [ECF No. 104] (the "Supplemental Authority') is not a reply brief and, in fact, contains far less argument than the supplemental authority papers Defendant has filed.

First, although irrelevant to whether the Supplemental Authority is an improper reply brief, Defendant continuous to argue, erroneously, that Plaintiffs improperly introduced the Report of Colin Weir and changed their damages theory. The fact that Defendant makes that argument again in this Motion suggests that the Motion is little more than an another attempt to induce the Court to disregard Weir's testimony.  This is in keeping with Defendant's decison to file cherry-picked excerpts of the Weir deposition with its Sur-Reply, rather than file the entire transcript as it should have.  Plaintiff has already corrected this defect and put the complete record before the Court with its motion to file the entire transcript – a motion which, as agreed between counsel, contained no argument.

Second, Defendant's argument that the Supplemental Authority is a reply brief – which is the only issue relevant to the Motion – fails. Similar to Plaintiff's Prior Notice of Supplemental Authority, [ECF No. 85] (the "Prior Notice"), the Supplemental Authority identifies the relevant points of authority in four new cases that have been decided since Plaintiffs' filed their last brief, and then cites to the record in this case to which those cases relate. The Supplemental Authority is far less argumentative than Defendants' three-page response to Plaintiffs' Prior Notice [ECF No. 86] (the "Prior Notice Response").

1

**PLAINTIFFS' RESPONSE TO DEFENDANT NEUTROGENA CORPORATION'S
EX PARTE APPLICATION TO SHORTEN TIME AND MOTION TO STRIKE**

## I. BACKGROUND

Defendant's brief makes broad and improper attacks on the propriety of Plaintiff's filing of the Declaration of Colin Weir in connection with their Class Certification Motion, which has no bearing on Defendant's present Motion to Strike. Some background is essential to set the record straight.

Plaintiffs claim that Defendant improperly charged Class Members a price premium by misrepresenting that certain Products are "natural." In Plaintiffs' Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Class Certification ("Pl. Class Cert. Br.") [ECF No. 52], Plaintiffs explained that "evidence of 'premium'" would be based, *inter alia,* on "expert testimony." *Id.* at 13. However, Plaintiffs did not submit an expert report in connection with the Motion for Class Certification addressing the "premium" attributable to Defendant's misrepresentation because that type of evidence is not required for class certification in this Circuit. Indeed, both before and after *Comcast Corp. v. Behrend,* __ U.S. __, 133 S.Ct. 1426 (2013), numerous courts have certified classes without requiring plaintiffs to present an expert report on damages methodology. *See* Plaintiffs' Amended Reply in Support of Plaintiffs' Motion for Class Certification [ECF No. 84], at 6 & n 12 (citing cases).

In its Opposition [ECF No. 72], rather than simply argue in response to Plaintiff's arguments, Defendant instead elected to submit the expert declaration of Keith Ugone (the "Ugone Declaration") concerning reliance, causation, injury and damages. The Ugone Declaration contains 79 pages of text and a further 200 pages of exhibits and charts. As previously discussed in Plaintiffs' Reply in support of their Motion for Class Certification (at 5-8), the Ugone Declaration asserts erroneous opinions about the viability of proving class-wide damages. Because Defendant elected to attempt to transform class certification damages

2

**PLAINTIFFS' RESPONSE TO DEFENDANT NEUTROGENA CORPORATION'S
EX PARTE APPLICATION TO SHORTEN TIME AND MOTION TO STRIKE**

issues into a "battle of the experts," Plaintiffs retained Colin Weir to rebut Ugone's opinions. In his Report, Weir explains generally that Ugone's conclusions are incorrect, sets forth methodologies by which (contrary to Ugone's conclusions) class-wide damages may be calculated, and then offers specific, point-by-point rebuttals to the Ugone Declaration based upon these methodologies. Plaintiffs submitted Weir's rebuttal to the Ugone Declaration at their first opportunity: in conjunction with Plaintiffs' Reply in support of their Motion for Class Certification.

Defendant requested leave to file a sur-reply to address the Weir Declaration, and Plaintiffs made no objection. In connection with this Sur-Reply, Defendant conducted a lengthy and thorough deposition of Weir, during which the witness explained in great detail why Ugone's analysis is wrong and why his damages model fully complies with *Comcast*. Moreover, Weir clearly explained that the price premium analyses he proposed involved an expert comparison of various products, which is exactly the type of evidence Plaintiffs indicated they would submit from the outset.[1] Defendant filed its Sur-Reply on May 1, together with cherry-picked excerpts from Weir's Deposition. On May 6, Plaintiffs filed a Notice of Filing of the Complete Transcript of the Deposition of Colin B. Weir under seal. [ECF No. 101]. Pursuant to agreement with counsel, the Notice contained no argument.

---

[1] *See,* Transcript of Deposition of Colin Weir at 19-23, 28, 62-64, 72-80, 103-105, attached as Exhibit A to the Declaration of Nicole A. Veno Re: Notice of Filing of the Complete Transcript of the Deposition of Colin B. Weir [ECF No. 97]; Pl. Class Cert. Br., at 13 (indicating that the price premium would be a matter for expert testimony). Accordingly, contrary to Defendant's irrelevant arguments, Plaintiffs have not changed or abandoned their damages methodology.

3

**PLAINTIFFS' RESPONSE TO DEFENDANT NEUTROGENA CORPORATION'S
EX PARTE APPLICATION TO SHORTEN TIME AND MOTION TO STRIKE**

As to the facts concerning the Motion to Strike, this case concerns "natural" misrepresentations relating to consumer products that are substantially similar to other cases which are relatively new and are being litigated around the country for the first time. As a result, new decisions are coming out with some frequency that have a bearing on the issues presently before the Court. The same is true concerning class certification decisions after *Comcast*. Accordingly, on April 7, Plaintiffs filed the Prior Notice. In particular, the Prior Notice points out that *Forcellati v. Hylands, Inc.,* 2014 WL 1410264 (C.D. Cal. Apr. 9, 2014) "supports the following arguments" concerning class certification and provided citations to the record. Rather than move to strike the Prior Notice on the grounds that it was an improper argumentative brief, Defendant instead made the tactical decision to file the Prior Notice Response, which is without a doubt a 3-page reply brief.

On May 15, Plaintiffs filed the Supplemental Authority which concerns four new cases decided since Plaintiffs' filed their last brief. As with the Prior Supplemental Authority, Plaintiffs briefly described the analyses in the new cases that supported their arguments and provided cites to the record where applicable. This time, rather than file a reply brief in response to the Supplemental Authority, Defendant filed this Motion to Strike.

## II.   ARGUMENT

In this rapidly-evolving field of law, Plaintiffs believe that the Court, in advance of the June 2, 2014 hearing, would find it beneficial to have the most recent relevant decisions, as well as citations to the relevant portions of the materials submitted in support of, and in opposition to, the pending Motion for Class Certification. As another court in this circuit correctly noted, "[p]arties are expected to fully support their positions with appropriate legal authority" and "appropriate legal authority should not be disregarded merely because it was not

4

**PLAINTIFFS' RESPONSE TO DEFENDANT NEUTROGENA CORPORATION'S
EX PARTE APPLICATION TO SHORTEN TIME AND MOTION TO STRIKE**

cited in an initial brief. Any prejudice to the other party can be alleviated by the allowance of a supplemental response." *E.E.O.C. v. Kovacevich "5" Farms*, 1:06 CV 0165 OWW TAG, 2006 WL 3060149 (E.D. Cal. Oct. 27, 2006). Defendant's position, in contrast, is that the Court should have only the benefit of *Defendant's* thoughts on the applicability of new cases, since Defendant takes the position that its filing of the Prior Notice Response "explaining why the case was inapposite" (Defendant's Memorandum in Support of Motion to Strike, at 2) was entirely appropriate, yet Plaintiffs' Supplemental Authority is not. Plaintiff disagrees.

The contradiction in Defendant's position is most evident with respect to its argument that it was inappropriate for Plaintiffs to include *In re POM Wonderful* in its Notice, even though the case had come out after Plaintiffs filed their last brief, simply because Defendant had referenced *POM* in its Sur-Reply. Motion at 5. Yet Defendant felt no hesitation in filing a 3-page reply brief in the form of the Prior Notice Response when Plaintiffs brought the *Forcellati* case to the Court's attention. Basic fairness suggests that Plaintiffs should be able to file a brief in response to new authorities brought to the Court's attention just as Defendant did, but Plaintiffs instead filed the far less argumentative Supplemental Authority.

Defendant also wrongly argues that the reference to the remaining three cases in the Supplemental Authority constitutes improper argument. To the contrary, the filing simply identifies the relevant arguments supporting the Motion for Class Certification and provides cites. It is far less argumentative than Defendants' Prior Notice Response.[2]

---

[2] The reference to *Vacarrino v. Midland Life Insurance Company,* 2014 WL 572365 * 11(C.D. Cal. Feb 3, 2014), in footnote 3 of the Supplemental Authority was merely to point out that the damages standards under the antitrust laws at issue in the newly-decided case of *In re High-Tech Employee Antitrust Litigation,* 2014 WL 1351040 (N.D. Cal. Apr. 4, 2014) were the same as the standards in this case,

5

## III. CONCLUSION

For all of the reasons set forth above, Plaintiffs respectfully request that the Court deny Defendant's Motion.

Dated: May 20, 2014      Respectfully submitted,

By: /s/ Mark P. Kindall
Jeffrey S. Nobel (admitted *pro hac vice*)
Mark P. Kindall (State Bar No. 138703)
Robert A. Izard (admitted *pro hac vice*)
Nicole A. Veno (admitted *pro hac vice*)
**IZARD NOBEL LLP**
29 South Main Street, Suite 305
West Hartford, CT 06107
Telephone: (860) 493-6292
Facsimile: (860) 493-6290
jnobel@izardnobel.com
mkindall@izardnobel.com
rizard@izardnobel.com
nveno@izardnobel.com

Elizabeth P. Lin (State Bar No. 174663)
**THE LIN LAW FIRM, APLC**
2705 S. Diamond Bar Blvd., Suite 398
Diamond Bar, CA 91765
Telephone: (909) 595-5522
Facsimile: (909) 595-5519
elizabethl@thelinlawfirm.com

---

thereby pointing out the relevance of the the new case to this case. Briefly describing the relevance of the law governing a supplemental case is clearly an appropriate subject for a Supplemental Authority.

6

Ronen Sarraf (admitted *pro hac vice*)
Joseph Gentile (admitted *pro hac vice*)
**SARRAF GENTILE LLP**
1055 Franklin Avenue, Suite 204
Garden City, New York 11530
Tel: (516) 699-8890
Fax: (516) 699-8968
ronen@sarrafgentile.com
joseph@sarrafgentile.com

*Attorneys for Plaintiffs*

**PLAINTIFFS' RESPONSE TO DEFENDANT NEUTROGENA CORPORATION'S
EX PARTE APPLICATION TO SHORTEN TIME AND MOTION TO STRIKE**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 20th day of May, 2014, the foregoing document was filed electronically on the CM/ECF system, which caused all CM/ECF participants to be served by electronic means.

         /s/ Elizabeth P. Lin
         Elizabeth P. Lin
         ATTORNEY FOR PLAINTFFS

8

**PLAINTIFFS' RESPONSE TO DEFENDANT NEUTROGENA CORPORATION'S
EX PARTE APPLICATION TO SHORTEN TIME AND MOTION TO STRIKE**