UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:13-cv-1316-SVW-OP | Date | June 4, 2014 |
|---|---|---|---|
| Title | Julie Fagan, et al. v. Neutrogena Corporation | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** IN CHAMBERS ORDER re Plaintiff's Motion for Class Certification [52] and Defendant's Motion to Exclude the Expert Testimony of Dr. Elizabeth Howlett [90]

    The parties have presented sharply conflicting evidence on the question of whether it will be possible to reliably calculate damages on a class-wide basis using a hedonic regression to determine the extent to which sunscreen products marketed with the challenged labels either (1) have a price premium over purportedly comparable products, or (2) in the absence of any comparable products, have a price premium that can fairly be attributed to the allegedly misleading labeling. The Court concludes that in the interest of efficient case management, the viability of plaintiffs' damages model should be resolved before certifying a potential multi-state class. *See Duran v. U.S. Bank Nat'l Ass'n*, __ Cal. 4th __, 2014 WL 2219042, at *15 (Cal. May 29, 2014) ("Rather than accepting assurances that a statistical plan will eventually be developed, trial courts would be well advised to obtain such a plan before deciding to certify a class action."); *Guido v. L'Oreal, USA, Inc.*, No. CV 11-1067 CAS, 2013 WL 3353857, at *14-16 (C.D. Cal. July 1, 2013) (certification not appropriate if plaintiffs cannot show that false advertising had "quantifiable impact" on product's market price); *cf. Stockwell v. City & County of San Francisco*, __ F.3d __, 2014 WL 1623736, at *7 (9th Cir. Apr. 24, 2014) (although validity of plaintiffs' statistical study presents question "common to the class" under Fed. R. Civ. P. 23(a)(2), it may be necessary to resolve disputes over validity of study in assessing "whether common issues predominate under Rule 23(b)(3)"). Accordingly, the Court defers ruling on plaintiffs' motion for class certification until the viability of plaintiffs' proposed damages model can be assessed.

    No later than August 4, 2014, plaintiffs shall file a brief with supporting declarations setting forth their damages model. Defendant shall file a response no more than 30 days after plaintiffs' brief is

                                                                                                                  :

Initials of Preparer      PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:13-cv-1316-SVW-OP | Date | June 4, 2014 |
|---|---|---|---|
| Title | Julie Fagan, et al. v. Neutrogena Corporation | | |

filed. The matter will then stand submitted. As stated at the hearing on the motion, if plaintiffs fail to present a damages model, defendant may move for summary judgment. *See Wright v. Schock*, 742 F.2d 541, 544 (9th Cir. 1984) (summary adjudication may be considered before class certification where it "seems likely to protect both the parties and the court from needless and costly further litigation"). For purposes of the briefing on the damages model, the parties should assume that certification is limited to a class of California purchasers.

The Court defers ruling on defendant's motion to exclude Dr. Howlett's survey evidence until after the supplemental briefing on plaintiffs' damages model is filed.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |