Elizabeth P. Lin (State Bar No. 174663)
**THE LIN LAW FIRM, APLC**
135 S. State College Blvd., Suite 200
Brea, CA 92821
Telephone: (909) 595-5522
Facsimile: (909) 595-5519
elizabethl@thelinlawfirm.com

Mark P. Kindall (State Bar No. 138703)
Robert A. Izard (admitted *pro hac vice*)
**IZARD NOBEL LLP**
29 South Main Street, Suite 305
West Hartford, CT 06107
Telephone: (860) 493-6292
Facsimile: (860) 493-6290
mkindall@izardnobel.com
rizard@izardnobel.com

Attorneys for Plaintiffs

[Additional counsel on signature page]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE FAGAN, MELISSA PENNLLATORE, AMY SAPEIKA and SHELLEY TRINCHERO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEUTROGENA CORPORATION,<br><br>Defendant. | Case No.: 5:13-cv-01316-SVW-OP<br><br>CLASS ACTION<br><br>**RESPONSE TO COURT'S REQUEST FOR ADDITIONAL BRIEFING**<br><br>Date: May 20, 2016<br>Judge: Hon. Stephen V. Wilson<br>Place: Courtroom 6 – 2nd Floor<br>312 N. Spring Street |

---

**RESPONSE TO COURT'S REQUEST FOR ADDITIONAL BRIEFING**

On April 28, 2016, the Court invited the Parties to file briefs concerning whether the case should be stayed "in light of, *inter alia,* the Food and Drug Administration's pending guidance on the use of the term 'natural' . . . or the Ninth Circuit's pending consideration of other 'natural' labeling claims . . . ." [ECF No. 160]. Plaintiffs believe that the FDA action does not warrant a stay. While the class certification rulings in *Jones v. ConAgra Foods, Inc. ("ConAgra"),* No. C 12-01633 CRB, 2014 WL 2702726 (N.D. Cal. June 13, 2014), *Brazil v. Dole Packaged Foods, LLC ("Dole"),* No. 12-CV-01831-LHK, 2014 WL 6901867 (N.D. Cal. Dec. 8, 2014), and *Kosta v. Del Monte Foods, Inc. ("Del Monte"),* 308 F.R.D. 217 (N.D. Cal. 2015) are all readily distinguishable from this case, the Ninth Circuit's consideration of these appeals could theoretically affect this case.

## Applicable Standard

The power to stay a case rests in the discretion of the District Court. *Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1109 (9th Cir. 2005). The Ninth Circuit has determined that a court should consider certain factors in determining whether a stay is warranted:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Id.* at 1110 (quoting *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir.1962)).

### I. The Possibility of FDA Action Does Not Warrant a Stay

The possibility of FDA action does not warrant a stay for three reasons. First, although the FDA has requested comment on the use of the term "natural" in

food labeling (*see* 2015 Fed. Reg. 28779, FDA Docket FDA-2014-N-1207), Plaintiffs are not aware of any comparable FDA effort with respect to the use of the term "natural" in the labeling of cosmetic or personal care products such as those at issue in this case. Second, while the period for submitting comments in docket FDA-2014-N-1207 closed just last week, it is not clear when, or even whether, the FDA will propose any new rules even with respect to food labeling. The first question upon which the Agency requested comments was, "*Should* we define, through rulemaking, the term 'natural?' Why or why not?" 2015 Fed. Reg. 28779 (emphasis added). As the Ninth Circuit has cautioned, "stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.,* 498 F.3d 1059, 1066 (9th Cir. 2007).

Finally, while the FDA action might provide greater clarity with respect to whether it is appropriate to describe as "natural" foods which employ production methods involving pesticides, or processing and manufacturing methods such as "thermal technologies, pasteurization, or irradiation," existing FDA guidance *already* considers "the term 'natural' to mean that nothing artificial or synthetic . . . has been included in, or has been added to, a food that would not normally be expected to be in that food."[1] The FDA has certainly given no indication that it is considering a change that would permit products that contain added synthetic ingredients to be labeled "natural," which is the issue with the products in this case. Thus, action by the FDA is unlikely to "simplify[] or complicat[e] . . . issues, proof, and questions of law which could be expected to result from a stay." *Lockyer,* 398 F.3d at 1110.

---

[1] FDA, *"Natural" on Food Labeling,* http://www.fda.gov/Food/GuidanceRegulation/GuidanceDocumentsRegulatoryInformation/LabelingNutrition/ucm456090.htm (accessed May 18, 2016).

**RESPONSE TO COURT'S REQUEST FOR ADDITIONAL BRIEFING**

## I. Pending Appeals Do Not Compel a Stay

Whether a stay is warranted based upon the Ninth Circuit's consideration of *ConAgra, Dole* and/or *Del Monte* cases largely depends on how likely it is that the Ninth Circuit's decisions in these cases will, in fact, provide guidance that will be useful in this case.[2]

The *ConAgra, Dole* and *Del Monte* class certification rulings on appeal concern, *inter alia,* the appropriate measure of damages and critiques of a particular application of hedonic regression (*Dole*), the evidence necessary to demonstrate likely consumer confusion (*Dole*), and whether plaintiff must demonstrate that a class is "ascertainable" and, if so, what standard applies (*ConAgra, Del Monte*). But there are significant differences between each of those decisions and this case. For example, the *Dole* court's decision to decertify the class was based on a failure of proof after the close of expert discovery. *See, e.g., Dole,* 2014 WL 5794873, at *13 ("In the end, it is not enough for Brazil or Dr. Capps to just say that the Regression Model controls for other factors; Brazil must

---

[2] Courts that have been asked to stay cases based on *ConAgra, Dole and/or Del Monte* are split. Courts granted the stay in whole or in large part in *Samet v. Kellogg Co.,* No. 5:12-CV-01891-PSG, 2015 WL 6954989 (N.D. Cal. Nov. 10, 2015); *Thomas v. Costco Wholesale Corp.,* No. 12-CV-02908-BLF, 2015 WL 6674696 (N.D. Cal. Nov. 2, 2015); *Wilson v. Frito-Lay N. Am., Inc.,* No. 12-CV-1586 SC, 2015 WL 4451424 (N.D. Cal. July 20, 2015); *Leonhart v. Nature's Path Foods, Inc,* No. 13-CV-00492-BLF, 2015 WL 3548212 (N.D. Cal. June 5, 2015); *Pardini v. Unilever United States, Inc.,* No. 13-CV-01675-SC, 2015 WL 1744340 (N.D. Cal. Apr. 15, 2015); *Gustavson v. Mars, Inc.,* No. 13-CV-04537-LHK, 2014 WL 6986421 (N.D. Cal. Dec. 10, 2014). Courts denied requested stays in *Martinelli v. Johnson & Johnson,* No. 215CV01733MCEEFB, 2016 WL 521690 (E.D. Cal. Feb. 10, 2016) and *Torrent v. Ollivier,* No. CV1502511DDPJPRX, 2015 WL 6394468 (C.D. Cal. Oct. 22, 2015). In *Khasin v. R. C. Bigelow, Inc.,* No. 12-CV-02204-WHO, 2016 WL 1213767, at *5 (N.D. Cal. Mar. 29, 2016), Judge Orrick observed that many cases had been stayed, but "both parties in this case wanted me to decide the class certification motion, so I have."

show the Court that the model can. Brazil has not done so."). Although Plaintiffs here, like Plaintiff in *Dole,* employ hedonic regression, because of substantial differences in the factors considered in the regression models, the Ninth Circuit could easily decide *Dole* on grounds that will provide little guidance in this case.

Similarly, the rulings in *ConAgra* and *Del Monte* both turned on the fact that the proposed classes involved numerous, different products. *See, e.g., ConAgra,* 2014 WL 2702726, at *10 ("literally dozens of varieties with different can sizes, ingredients and labeling over time"); *Del Monte,* 308 F.R.D. 217, 228 ("The products vary in the truthfulness of the packaging and labeling"). Here, the Complaint focuses on just four products with fairly minor variations in the challenged representation. *See* Complaint, ¶¶ 1-2. Accordingly, the cases are distinguishable so the Ninth Circuit's rulings may not be particularly helpful here. Courts have focused on exactly such issues as sufficient reason to deny a stay. *Torrent,* 2015 WL 6394468, at *2 ("Even assuming that the Ninth Circuit issues a precedential opinion in *[ConAgra]*, the holding may well be limited to cases involving a wide variety of allegedly mislabeled products or particularly deficient showings of materiality and consumer reliance."); *Martinelli,* 2016 WL 521690, at *2 ("In both *[ConAgra* and *Del Monte],* the district court denied class certification in part because the class was not sufficiently ascertainable as a result of the number of products bearing the challenged labels" and thus the possibility that the Ninth Circuit's rulings might affect the case was "too speculative" to warrant a stay).

The other factors that bear consideration under *Lockyer* are potential harm to the parties from either delay, or the failure to delay. From Plaintiffs' perspective, there are two potential harms from delay. First and most important, during the entire pendency of this suit, the products continue to be marketed with the challenged representations. Further delay will prolong the deception that led to the

4

filing of the lawsuit in the first instance. Second, Defendant may attempt to bolster its argument that "class members . . . will have difficulty recalling details about their purchases" (Opposition to Class Certification, ECF No. 60, at 24) by pointing to the impact that the passage of time may have on class members' recollections of their purchases.

The harm from failure to delay comes from potential duplication of effort (particularly for the Court, since at this point the parties have already fully briefed the pending class certification motion), in the event that the Ninth Circuit's rulings affect the case in a substantial way. If the Court grants class certification and the Ninth Circuits' rulings undermine any element of that determination, Defendant will certainly move to decertify the Class. Conversely, if the Court denies class certification and the Ninth Circuit's rulings undermine that ruling, Plaintiffs will request leave to file a renewed motion to certify the class.

Considering all of the *Lockyer* factors, therefore, Plaintiffs do not believe that a stay is appropriate.

Dated: May 20, 2016
Respectfully submitted,

By: /s/ Mark P. Kindall
Mark P. Kindall (State Bar No. 138703)
Robert A. Izard (admitted *pro hac vice*)
**IZARD NOBEL LLP**
29 South Main Street, Suite 305
West Hartford, CT 06107
Telephone: (860) 493-6292
Facsimile: (860) 493-6290
mkindall@izardnobel.com
rizard@izardnobel.com

Elizabeth P. Lin (State Bar No. 174663)
**THE LIN LAW FIRM, APLC**
135 S. State College Blvd., Suite 200
Brea, CA 92821
Telephone: (909) 595-5522
Facsimile: (909) 595-5519

5

elizabethl@thelinlawfirm.com

Ronen Sarraf (admitted *pro hac vice*)
Joseph Gentile (admitted *pro hac vice*)
**SARRAF GENTILE LLP**
1055 Franklin Avenue, Suite 204
Garden City, New York 11530
Tel: (516) 699-8890
Fax: (516) 699-8968
ronen@sarrafgentile.com
joseph@sarrafgentile.com

Nicole A. Veno
**LAW OFFICE OF NICOLE A. VENO, LLC**
573 Hopemeadow Street
Simsbury, CT 06070
Tel: (860) 474-4024
Fax: (860) 474-3207
nveno@venolaw.com

*Attorneys for Plaintiffs*

**RESPONSE TO COURT'S REQUEST FOR ADDITIONAL BRIEFING**