UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:13-cv-01316-SVW-OP | Date | July 7, 2016 |
|---|---|---|---|
| Title | *Julie Fagan et al v. Neutrogena Corporation* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Charles A. Rojas | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** (IN CHAMBERS) ORDER STAYING THE CASE

## I. Background

On July 29, 2013, plaintiffs Julie Fagan, Michael Fagan, Amy Sapeika, and Shelley Trinchero, individually and on behalf of all others similarly situated ("Plaintiffs"), filed a class action complaint against defendant Neutrogena Corporation ("Neutrogena" or "Defendant"). Dkt. 1. Plaintiffs filed a first amended class action complaint ("FAC") on September 13, 2013. Dkt. 33. Plaintiffs bring claims for: (1) violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"); and (2) violation of the Consumer Legal Remedies Act, Cal. Civ. Code § 1750 ("CLRA"). *Id.*

On December 17, 2013, Plaintiffs filed a motion for class certification pursuant to Federal Rule of Civil Procedure 23(b)(3). Dkt. 52. On April 28, 2016, the Court invited the parties to file additional briefs stating their position on whether the case should be stayed in light of, *inter alia*, the FDA's pending guidance on the use of the term "natural" and the Ninth Circuit's pending consideration of other "natural" labeling claims. Dkt 160. On May 20, 2016, Defendants filed a submission in support of a stay, and Plaintiffs filed a response opposing a stay. *See* Dkts. 162–163.

## II. Legal Standard

A district court has discretionary power to stay proceedings in its own court. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

|  | : |
|---|---|
| Initials of Preparer | CR |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:13-cv-01316-SVW-OP | Date | July 7, 2016 |
|---|---|---|---|
| Title | *Julie Fagan et al v. Neutrogena Corporation* | | |

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id.* at 863–64.

"In considering whether a stay is appropriate, the Court should weigh three factors: [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Gustavson v. Mars, Inc.*, Case No. 13-cv-04537-LHK, 2014 WL 6986421, at *2 (N.D. Cal. Dec. 10, 2014) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). These factors are drawn from the Supreme Court's decision in *Landis v. N. Am. Co. Id.*

### III. Factual Background

Neutrogena is a Delaware corporation headquartered in Los Angeles, California. FAC ¶ 13. Neutrogena is the manufacturer, seller and distributor of the four Neutrogena Pure & Free® sunscreen products at issue in this case: (1) Pure & Free® Baby Faces Ultra Gentle Cream Sunblock Broad Spectrum SPF 45+ and SPF 50+; (2) Pure & Free® Baby Sunscreen Stick Broad Spectrum SPF 60+; (3) Pure & Free® Baby Sunscreen Broad Spectrum SPF 60+; and (4) Pure & Free® Liquid Sunscreen Broad Spectrum SPF 50 (collectively the "Products"). Dkt. 33 ¶¶ 1–2. Plaintiffs allege that Defendant markets the Products with statements that appear on the labels of the products, reading "100% naturally sourced sunscreen products," "naturally-sourced sunscreen ingredients," or "100% naturally sourced sunscreens." *Id.* ¶¶ 1, 3.

Plaintiffs allege that these statements are false and misleading to a reasonable consumer. *Id.* ¶ 3. Based on the language appearing on the label of each product reading "100% naturally sourced sunscreen products," "naturally-sourced sunscreen ingredients," or "100% naturally sourced sunscreens," Plaintiffs claim they reasonably believed that the Products contained only natural ingredients. *Id.* ¶ 17. In reliance upon such representations, Plaintiffs allege that they paid a premium for the Products over comparable sunscreen products that did not purport to be naturally sourced. *Id.* ¶¶ 4, 24. However, Plaintiffs allege that the Products are in fact not naturally sourced, instead containing numerous unnatural, synthetic ingredients such as Retinyl Palmitate and Tocopheryl. *Id.* ¶¶ 18, 22. Plaintiffs argue that the use of such

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer |  | CR |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:13-cv-01316-SVW-OP | Date | July 7, 2016 |
|---|---|---|---|
| Title | *Julie Fagan et al v. Neutrogena Corporation* | | |

ingredients is in direct contradiction to the representations made on the Products' labels. *Id.* ¶ 22.

### IV. Cases Pending Before the Ninth Circuit

On January 14, 2016, the Ninth Circuit granted the joint motion of the parties to the following cases to have Appeals heard by the same merits panel. *See Briseno v. ConAgra Foods, Inc.*, No. 15-55727 (Dkt. 31) (9th Cir. Jan. 14, 2016). *See generally Briseno v. ConAgra Foods, Inc.*, No. 15-55727 (Dkt. 29) (9th Cir. Dec. 31, 2015).

#### A. Jones v. ConAgra

The plaintiffs in *Jones* alleged that several of ConAgra's food products contained deceptive and misleading labels, including representations that products were "100% Natural" when those products actually contained chemical preservatives, synthetic chemicals, and other artificial ingredients. *Jones v. ConAgra Foods, Inc.*, No. 14-16327, 2014 WL 2702726, at *1–3 (N.D. Cal. June 13, 2014). Plaintiffs brought claims for: (1) a violation of the UCL; (2) a violation of California Business and Professions Code § 17500 ("FAL"); (3) violations of the CLRA; and (4) restitution based on unjust enrichment. *Id.* at 1.

In June 2014, the court denied the plaintiffs' motions for class certification pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3). *Id.* at 1. Under Rule 23(b)(3), the court reasoned, among other things, that none of the proposed classes were ascertainable, that individual questions predominated over common questions as to both reliance and damages with respect to each of the proposed classes, and that class treatment was not superior to individual actions. *Id.* at 8–12, 14–24. On July 7, 2014, the parties stipulated to dismiss the case so that the Plaintiffs could appeal the order denying class certification. *Jones v. ConAgra Foods, Inc.*, 3:12-CV-01633-CRB (Dkt. 231) (N.D. Cal. July 7, 2014).

#### B. Brazil v. Dole

The plaintiffs in *Brazil* alleged that Dole sold food products containing deceptive and misleading labels, including representations that products were "all natural" when those products actually contained synthetic and artificial ingredients. *Brazil v. Dole Packaged Foods, LLC*, No. 14-17480, 2014 WL 2466559, at *2 (N.D. Cal. May 30, 2014). Plaintiffs brought claims for: (1) a violation of the UCL; (2) a violation of the FAL; (3) violations of the CLRA; and (4) restitution based on unjust enrichment. *Brazil v. Dole Food Company*, 5:12-CV-01831-LHK (Dkt. 25) (N.D. Cal. July 23, 2012).

| | : | |
|---|---|---|
| | Initials of Preparer | CR |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:13-cv-01316-SVW-OP | Date | July 7, 2016 |
|---|---|---|---|
| Title | *Julie Fagan et al v. Neutrogena Corporation* | | |

On May 30, the district court granted the plaintiffs' motion for class certification, certifying both a nationwide injunctive class, under Rule 23(b)(2), and a California state Rule 23(b)(3) class. *Brazil v. Dole Packaged Foods, LLC*, No. 14-17480, 2014 WL 2466559 (N.D. Cal. May 30, 2014). On November 6, 2014, the court decertified the damages class, holding that the plaintiffs' regression model failed to sufficiently isolate the price impact of Dole's "all natural" labeling statements. *Brazil v. Dole Packaged Foods, LLC*, No. 14-17480, 2014 WL 5794873 (N.D. Cal. Nov. 6, 2014). On December 8, 2014, the court granted Defendant's motion for summary judgment, finding that there was "insufficient evidence that the 'All Natural Fruit' label statement on the challenged Dole products was likely to mislead reasonable consumers and that the label statements were therefore unlawful on that basis." *Brazil v. Dole Packaged Foods, LLC*, No. 14-17480, 2014 WL 6901867, at *4 (N.D. Cal. Dec. 8, 2014). On December 17, 2014, Plaintiffs appealed. *Brazil v. Dole Food Company*, 5:12-CV-01831-LHK (Dkt. 244) (N.D. Cal. Dec. 17, 2014).

C.  Briseno v. ConAgra

The plaintiffs in *Briseno* are consumers living in eleven different states. *In re ConAgra Foods Inc.*, 90 F. Supp. 3d 919, 939 (C.D. Cal. 2015). They alleged that bottles of Wesson Oil sold by ConAgra contained a deceptive and misleading label stating that the product was "100% Natural" when in fact it contained genetically-modified organisms ("GMOs"). *Id.* Plaintiffs brought claims for: (1) violation of state consumer protection laws; (2) breach of express warranty; (3) breach of the implied warranty of merchantability; and (4) unjust enrichment. *Id.*

On February 23, 2015, the district court granted the plaintiffs' motion to certify damages classes under Fed. R. Civ. P. 23(b)(3), but denied the plaintiffs' motion to certify injunctive relief classes under Rule 23(b)(2). *Id.* at 1035. In granting the Plaintiffs' motion for certification of damages classes, the court found, among other things, that the classes were ascertainable, that the predominance requirement as to both reliance and damages had been met, and that a class action was a superior vehicle for adjudicating the claims. *Id.* at 969–1035. On May 13, 2015, the court granted Defendant's petition pursuant to Fed. R. Civ. P. 23(f) for permission to take an interlocutory appeal of the district court's order granting certification of the damages classes. *Briseno v. ConAgra Foods, Inc.*, No. 15-55727 (Dkt. 1) (C.D. Cal. May 13, 2015).

|  | : |  |
|---|---|---|
| Initials of Preparer | | CR |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:13-cv-01316-SVW-OP | Date | July 7, 2016 |
|---|---|---|---|
| Title | *Julie Fagan et al v. Neutrogena Corporation* | | |

**V.     Analysis**

   A.     The Food and Drug Administration's Pending Guidance

On November 10, 2015, the FDA requested comment on the use of the term "natural" in food labeling and how the agency should define it. *See* FDA Docket FDA-2014-N-1207. The comment period closed on May 10, 2016. *Id.* The parties agree that the FDA's pending guidance on the use of the word "natural" pertains only to food products, not cosmetic or personal care products, and thus does not provide a basis for a stay in this case. *See* Dkt 162 at 1 n.1; Dkt. 163 at 1–2.

   B.     The Cases Pending Before the Ninth Circuit

In contrast, the parties disagree on whether the *Landis* factors favor staying the case under the Court's inherent power. For the reasons discussed below, the Court finds that, in sum, the *Landis* factors weigh in favor of staying the case pending the Ninth Circuit's resolution of *Jones v. ConAgra Foods, LLC*, No. 14-17480 (9th Cir.), *Brazil v. Dole Food Co.*, 14-17480 (9th Cir.), and *Briseno v. ConAgra Foods, Inc.*, No. 15-55727 (9th Cir.).

   *1.     Potential Damage from Staying the Case*

Under the first *Landis* factor, a mere delay in monetary recovery is an insufficient basis to deny a stay. *Gustavson v. Mars.*, No. 13-cv-04537-LHK, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014) (citing *Lockyer*, 398 F.3d at 1110–12). However, a delay in the grant of injunctive relief may weigh against a stay where a plaintiff alleges ongoing and future harm. *Id.* Plaintiffs argue that they will suffer two potential harms from a delay of proceedings. Dkt. 163 at 4. First, Plaintiffs contend that during the pendency of the suit, the products at issue will continue to be marketed with the challenged representations. *Id.* Second, Plaintiffs argue that the Defendant may attempt to bolster its argument that class members will have difficulty recalling details about their purchases. *Id.* at 5. Each of these arguments will be addressed in turn.

First, the action is still in the early stages of litigation, and any prospective injunctive relief is unlikely to be addressed by this Court before the Ninth Circuit issues a decision in *Jones*, *Brazil* and *Briseno*. As courts have observed in staying similar product labeling cases, "[t]he decision in *Jones* may well cause the parties to change their factual and legal theories on class certification and alter the discovery necessary to present their arguments." *Pardini v. Unilever United States, Inc.*, No. 13–CV–

|  | : |  |
|---|---|---|
|  | Initials of Preparer | CR |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:13-cv-01316-SVW-OP | Date | July 7, 2016 |
|---|---|---|---|
| Title | *Julie Fagan et al v. Neutrogena Corporation* | | |

01675–SC, 2015 WL 1744340, at *2 (N.D. Cal. Apr. 15, 2015). Thus, "a decision in *Jones* would precipitate another round of class certification and decertification motions and a re-opening of discovery, all of which would take place prior to any injunctive relief." *Gustavson v. Mars.*, No. 13-cv-04537-LHK, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014). Consequently, any prospective injunctive relief will likely be delayed whether or not the Court stays the proceedings.

Second, Plaintiffs assert that a stay may prolong the period between when class members purchased the products at issue and when they file proof of claim forms. *See* Dkt. 116 at 10 n.10. Though the Court acknowledges that this is possible, this factor is less significant in a case where final resolution will inevitably be delayed based on the outcome of the aforementioned Ninth Circuit cases. A delay would not harm the merits of the case or result in a loss of evidence, as a stay would not prevent Plaintiffs from continuing their investigative work in the interim and collecting declarations under oath from individual class members. Moreover, a stay pending disposition of cases now before the Ninth Circuit is of a limited duration, and such a period is unlikely to cause Plaintiffs material harm. *See, e.g.*, *Case v. Hertz Corp.*, No. 15–cv–02707–BLF, 2016 WL 1169197, at *7 (N.D. Cal. Feb. 26, 2016) (finding minimal damage would result from a stay because pertinent Supreme Court case would be decided within a period of definite and limited duration); *McConnell v. Lassen Cty., Cal.*, No. CIVS 05-0909 FCD DAD, 2007 WL 4170622, at *3 (E.D. Cal. Nov. 20, 2007), *as amended* (Nov. 26, 2007) (noting that the Ninth Circuit estimates that "most cases are decided within three months to a year from oral argument"). Oral arguments for *Jones*, *Brazil*, and *Briseno* have been scheduled for the week of September 12–16, 2016 before the Ninth Circuit panel in San Francisco. Therefore, the Court finds that the first *Landis* factor weighs only slightly against a stay.

  *2. Hardship or Inequity*

Under the second *Landis* factor, a stay would prevent the waste of time and resources by both the parties and the Court that may otherwise result from deciding Plaintiffs' class certification motion prior to the Ninth Circuit's forthcoming guidance. As one court observed, the parties may have to "re-open discovery, re-depose key witnesses, and re-brief motions if the Ninth Circuit's rulings change the law." *Leonhart v. Nature's Path Foods, Inc.*, No. 13-CV-00492-BLF, 2015 WL 3548212, at *3 (N.D. Cal. June 5, 2015). Numerous other courts in this circuit have found this factor to heavily favor a stay and stayed similar cases pending the disposition of the natural labelling cases before the Ninth Circuit. *See, e.g.*, *Gustavson v. Mars.*, No. 13-cv-04537-LHK, 2014 WL 6986421 (N.D. Cal. Dec. 10, 2014); *Leonhart v. Nature's Path Foods, Inc.*, No. 13-CV-00492-BLF, 2015 WL 3548212 (N.D. Cal. June 5, 2015); *Mains v. Whole Foods Mkt., Inc.*, No. 5:12-CV-05652-EJD (N.D. Cal. April 18, 2016); *Pardini v. Unilever United*

| | : |
|---|---|
| Initials of Preparer | CR |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:13-cv-01316-SVW-OP | Date | July 7, 2016 |
|---|---|---|---|
| Title | *Julie Fagan et al v. Neutrogena Corporation* | | |

*States, Inc.*, No. 13–CV–01675–SC, 2015 WL 1744340 (N.D. Cal. Apr. 15, 2015); *Thomas v. Costco Wholesale Corp.*, No. 12-CV-02908-BLF, 2016 WL 6674696 (N.D. Cal. Mar. 29, 2016); *Wilson v. Frito–Lay North America, Inc.*, No. 12-CV-1586 SC, 2015 WL 4451424 (N.D. Cal. July 20, 2015). Therefore, the Court finds that the second *Landis* factor greatly favors a stay.

      3.    *The Orderly Course of Justice*

      Finally, under the third *Landis* factor, courts consider issues of judicial economy. *Gustavson v. Mars.*, No. 13-cv-04537-LHK, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014) (citing *Fuller v. Amerigas Propane, Inc.*, Nos. C 09–2493 TEH, 09–2616 THE, WL 2390358, at *2 (N.D. Cal. Aug. 3, 2009)). The Ninth Circuit's disposition of *Jones*, *Brazil*, and *Briseno* is likely to resolve legal issues that directly bear on Plaintiffs' motion for class certification. Specifically, the Ninth Circuit's rulings will likely resolve issues pertaining to (1) ascertainability, (2) reliance/materiality, and (3) superiority that are directly challenged by Defendants in their Opposition to Plaintiffs' motion for Fed. R. Civ. P. 23(b)(3) class certification. *See generally* Dkt. 102. "The court is greatly aided by having clear guidance largely if not directly on point to help it simplify complex issues of law and adequacy of proof." *Wilson v. Frito–Lay North America, Inc.*, No. 12-CV-1586 SC, 2015 WL 4451424, at *2 (N.D. Cal. July 20, 2015). Moreover, ruling on the Plaintiffs' motion for class certification now, only to have to revisit the decision following a controlling decision from the Ninth Circuit, would not be in the interest of judicial economy. Because the Ninth Circuit's decisions are likely to provide substantial guidance on issues material to Plaintiffs' motion for class certification, a stay pending the Ninth Circuit's guidance would aid in the orderly and just resolution of this case. Thus the Court finds that the third *Landis* factor weighs heavily in favor of a stay.

      Thus, two of the three *Landis* factors strongly favor a stay of the proceedings, while one factor weighs slightly against a stay. Balancing all three factors, it would be in the best interest of the parties and of judicial economy to STAY the action pending the Ninth Circuit's resolution of *Jones v. ConAgra Foods, LLC*, No. 14-17480 (9th Cir.), *Brazil v. Dole Food Co.*, No. 14-17480 (9th Cir.), and *Briseno v. ConAgra Foods, Inc.*, No. 15-55727 (9th Cir.).

  **VI.**    **Order**

      For the aforementioned reasons, the Court STAYS the case and takes it off the active calendar. The parties shall notify the Court within 10 days of a Ninth Circuit opinion in *Jones*, *Brazil*, and *Briseno*.

IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | CR |