1  Elizabeth P. Lin (State Bar No. 174663)
   **THE LIN LAW FIRM, APLC**
2  2705 S. Diamond Bar Blvd., Suite 398
   Diamond Bar, CA 91765
3  Telephone: (909) 595-5522
   Facsimile: (909) 595-5519
4  elizabethl@thelinlawfirm.com

5
   Mark P. Kindall (State Bar No. 138703)
6  Robert A. Izard (admitted *pro hac vice*)
   **IZARD, KINDALL & RAABE, LLP**
7  29 South Main Street, Suite 305
   West Hartford, CT 06107
8  Telephone: (860) 493-6292
   Facsimile: (860) 493-6290
9  mkindall@ikrlaw.com
   rizard@ikrlaw.com
10
   Attorneys for Plaintiffs
11
12 [Additional counsel on signature page]

13         **IN THE UNITED STATES DISTRICT COURT**
14         **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 15  JULIE FAGAN, MELISSA PENNELLATORE, AMY SAPEIKA and SHELLEY TRINCHERO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEUTROGENA CORPORATION,<br><br>Defendant. | Case No.: 5:13-cv-01316-SVW-OP<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR RELIEF FROM STAY, AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   July 17, 2017<br>Judge: Hon. Stephen V. Wilson<br>Place:  Courtroom 6 – 2nd Floor<br>        312 N. Spring Street |

**PLAINTIFF'S MOTION FOR RELIEF FROM STAY**

# **NOTICE OF MOTION AND MOTION FOR RELIEF FROM STAY**

TO THE DEFENDANT AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 17, 2017, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 217/6 – 2nd Floor of the Court, located at 312 North Spring Street, Los Angeles, California, 20012-4701, Plaintiffs Julie Fagan, Melissa Pennellatore, Amy Sapeika and Shelley Trinchero ("Plaintiffs") will bring for hearing their Motion for Relief from Stay, on grounds that the conditions that the Court found to merit a stay in the first instance have changed. The Ninth Circuit has provided substantial guidance concerning the issues involved in the motion for Class Certification in two of the three cases identified by the Court. The third case, accordingly, is far less likely to break new ground, and the Ninth Circuit has stayed its consideration of that case.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place in person on May 8, 2017, and through correspondence on May 31, 2017 and June 2, 2017, during which opposing counsel represented that Defendant does not consent to the granting of the relief requested herein. This Motion is based on this Notice of Motion and Motion, the Attached Memorandum of Points and Authorities, the motion and order in *Jones v. ConAgra Foods, LLC,* No. 14-17480 (9th Cir.) attached hereto as Exhibits A and B, and the court records and files in this Action.

Accordingly, for the reasons above and more fully set forth in the accompanying memorandum of law, Plaintiffs respectfully request that the Court lift the stay imposed a year ago and take up Plaintiffs' pending motion for Class Certification.

DATED: June 2, 2017          Respectfully submitted,

By: /s/ Mark P. Kindall
Mark P. Kindall (State Bar No. 138703)
Robert A. Izard (admitted *pro hac vice*)
**IZARD, KINDALL & RAABE, LLP**
29 South Main Street, Suite 305
West Hartford, CT 06107
Telephone: (860) 493-6292
Facsimile: (860) 493-6290
mkindall@ikrlaw.com
rizard@ikrlaw.com

Plaintiffs respectfully request that the Court lift its July 7, 2016, *sua sponte* order staying the case pending decisions by the U.S. Court of Appeals for the Ninth Circuit in three cases involving "natural" product claims that might have a bearing on the Court's consideration of Plaintiff's Motion for Class Certification (the "Motion"). ECF No. 52. The Ninth Circuit has already issued decisions in two of the three cases, *Brazil v. Dole Packaged Foods, LLC,* 660 Fed. Appx. 531 (9th Cir. 2016) and *Briseno v. ConAgra Foods, Inc.,* 844 F.3d 1121, 1124 (9th Cir. 2017), but it stayed a decision in *Jones v. ConAgra Foods, LLC,* No. 14-17480 (9th Cir.) pending a ruling by the U.S. Supreme Court in a case that concerns an issue that is not germane to this action. The Ninth Circuit's rulings in the first two appeals largely address the issues in all three appeals that are relevant to the Motion, and the relevant issues in the case that the Ninth Circuit has stayed were largely addressed in one of the cases the Ninth Circuit decided. Accordingly, Plaintiffs respectfully suggest that there is no further need to continue the stay.

## BACKGROUND

Plaintiffs filed this action in July 2013, alleging that the labels on several sunscreen products sold by Defendant Neutrogena Corporation ("Neutrogena" or "Defendant") were materially false and misleading to consumers. Although the labels claimed "100% natural sunscreen ingredients," in fact, the sunscreens contained numerous ingredients that were synthetic, not natural. Defendant responded with a Motion to Dismiss, which the Court denied on January 8, 2014. ECF No. 56.

Plaintiffs filed their Motion for Class Certification on December 17, 2013. The Motion was fully briefed and the Court heard argument, after which the Court issued an Order deferring a ruling on the Motion and directing Plaintiffs to file a damages model. ECF No. 114. Plaintiffs did so on August 4, 2014 (ECF No. 116),

3

and while the motion was pending the Parties periodically filed additional briefs and notices of supplemental authority.

On April 28, 2016, the Court issued a minute order directing the Parties to file supplemental briefs addressing whether the case should be stayed in light of activity pending before the Food and Drug Administration and appeals pending before the Ninth Circuit involving "natural" labeling cases. ECF No. 160. The Parties filed briefs, with Plaintiffs opposing a stay (ECF No. 163) and Defendant supporting a stay (ECF No. 162). On July 8, 2016, the Court issued an Order staying the case. ECF No. 166. The Order found that a stay was warranted because "[t]he Ninth Circuit's disposition of *Jones, Brazil,* and *Briseno* is likely to resolve legal issues . . . pertaining to (1) ascertainability, (2) reliance/materiality, and (3) superiority that are directly challenged by Defendants in their Opposition to Plaintiff's motion for Fed. R. Civ. P. 23(b)(3) class certification." ECF No. 166, at 7.

On September 30, 2016, the Ninth Circuit affirmed in part and reversed in part the District Court's decision to grant summary judgment to Defendant in *Brazil v. Dole Packaged Foods, LLC,* 660 Fed. Appx. 531 (9th Cir. 2016). The Court reversed and remanded the District Court's grant of summary judgment on the label claims, finding that Plaintiff's evidence that the claims were false and misleading to reasonable consumers was sufficient to take to a jury. *Id.* at 533-34. However, the Court found no error in the District Court's determination that misleading "natural" representations on Dole's website could not be the basis for a claim under the "unlawful" prong of California's UCL when plaintiff did not see the offending website statements prior to his purchase. *Id.* at 534. The Ninth Circuit also upheld the District Court's decision to decertify the class based on a failure to demonstrate how the alleged price premium could be calculated with common proof. *Id.* at 535.

The Ninth Circuit issued its rulings in *Briseno* on January 3, 2017. The *Briseno* Court issued a published opinion decisively rejecting the argument that class certification is improper unless plaintiffs establish "that there is an administratively feasible way to determine who is in the class." *Briseno v. ConAgra Foods, Inc.,* 844 F.3d 1121, 1124 (9th Cir. 2017). The Court issued a separate, unpublished opinion affirming the District Court's determination that plaintiff had met the typicality, predominance and superiority requirements for class certification. *Briseno v. ConAgra Foods, Inc.,* No. 15-55727, 2017 WL 53421 (9th Cir. Jan. 3, 2017).

The appeal in *Jones v. ConAgra Foods* was scheduled for oral argument on September 12, 2016. On September 11, 2016, Appellee ConAgra Foods filed an unopposed motion to stay the Court's consideration of the appeal pending the decision of the U.S. Supreme Court in *Microsoft Corp. v. Baker,* No. 15-457 (cert. granted Jan. 15, 2016). A copy of the Motion is attached hereto as Exhibit A. *Microsoft* concerned the propriety of a plaintiff voluntarily dismissing their individual claims with prejudice in order to expeditiously appeal an adverse class certification decision – the procedure that was followed in *Jones*. The Ninth Circuit granted the unopposed motion to stay on September 12, 2016. A copy of the Order is attached as Exhibit B.

The Supreme Court heard oral argument in *Microsoft* on March 31, 2017. As of the date of this filing, no ruling has issued.

## ARGUMENT

In its earlier stay determination, the Court stressed the importance of obtaining guidance from the Ninth Circuit on "issues pertaining to (a) ascertainability, (2) reliance/materiality, and (3) superiority . . . ." ECF 166, at 7. The Ninth Circuit's rulings in *Briseno* and *Dole* provide guidance on these subjects. Moreover, to the extent that *Jones* raised these issues, the *Briseno* rulings largely overlap. Any

5

decision that might emerge from the *Jones* appeal, therefore, is unlikely to provide an incremental benefit that would justify further delay.

The first issue noted by the Court, ascertainability, was at issue in the appeals in both *Jones* (where the Court declined to certify a class, based in significant part on ascertainability) and *Briseno*. It is unlikely that *Jones* will provide further clarity with respect to the Ninth Circuit's view on this issue, because the *Briseno* opinion addresses it definitively. In *Briseno,* as in *Jones,* plaintiffs sought to represent a class of consumers who purchased products with the challenged "natural" labels during the class period. *Compare Briseno,* 844 F.3d at 1124 with *Jones,* 2014 WL 2702726, at * 1. The District Court in *Briseno* rejected Defendant's argument that class certification was improper because plaintiff could not demonstrate an administratively feasible means of identifying class members (844 F.3d at 1124). In contrast, the District Court in *Jones* found that because there were multiple labels for multiple products over the class period, it was unlikely that Class Members would be able to accurately self-identify, and thus the class was not ascertainable. 2014 WL 2702726, at *10. The Ninth Circuit's *Briseno* decision, however, broadly rejected the argument that class certification is improper unless plaintiff can demonstrate an administratively feasible way to identify members of the class, holding that "[w]e have not previously interpreted Rule 23 to require such a demonstration, and . . . we do not do so now." 844 F.3d at 1125. Even if the Ninth Circuit takes up the merits of the appeal in *Jones* following the Supreme Court's consideration of the unrelated jurisdictional issue in *Microsoft* – which is by no means guaranteed – the panel cannot overrule *Briseno*. *Slafer v. California Hyatt Corp.,* 927 F.2d 610 (9th Cir. 1991) (argument that earlier decision by a panel of the court was wrongly decided unpersuasive because "[t]his panel is bound by the decisions of earlier panels of the court.").

6

**PLAINTIFF'S MOTION FOR RELIEF FROM STAY**

The *Jones* court's ruling with respect to superiority – another of the three specific issues this Court pointed to in determining that a stay was appropriate – is likewise amply addressed by the Ninth Circuit's rulings in *Briseno*. The *Jones* court held that plaintiff's inability to propose an adequate means of identifying each class member – the same issue raised in the court's ascertainability discussion – precluded a finding of superiority. 2014 WL 2702726, at *24. Although the *Jones* court recognized that it was "hard to imagine many class members actually pursuing individual cases" where individual damages were so small, the court nonetheless found that difficulties in identifying class members meant that the case would neither be manageable or superior to individual actions. *Id.* In contrast, the District Court's superiority analysis in *Briseno* gave decisive weight to the likelihood that *no* plaintiff would bring suit individually where damages were small. *In re ConAgra Foods, Inc.,* 90 F. Supp. 3d 919, 1033 (C.D. Cal. 2015). In its unpublished decision, the Ninth Circuit affirmed, noting that "[t]he benefits of the class mechanism are best realized in cases like this, where the likely recovery is too small to incentivize individual lawsuits, and the realistic alternative to class litigation will be no adjudication at all." *Briseno v. ConAgra Foods, Inc.,* No. 15-55727, 2017 WL 53421, at *2 (9th Cir. Jan. 3, 2017). Moreover, the published opinion also underscored the importance of addressing administrative feasibility concerns within the context of an overall superiority analysis (as opposed to a freestanding assessment) in cases involving inexpensive consumer goods, where "administrative feasibility would be difficult to demonstrate but in which there may be no realistic alternative to class treatment." 844 F.3d at 1128. Given the *Briseno* court's treatment of this issue, there is no need to await further guidance from the Ninth Circuit that might issue in the event that it ever takes up the merits of the appeal in *Jones.*

The final issue discussed by the Court in its stay determination was "reliance/materiality." Defendant argued that class certification should be denied because Plaintiff's evidence was insufficient to demonstrate that the challenged claims were material to reasonable consumers, and thus there could be no presumption that consumers relied upon the claims. ECF No. 72, at 14-17. A similar issue did come up in *Jones,* where the Court found plaintiff's evidence of materiality to be insufficient. Plaintiff's evidence consisted of defendant's decision to include the representation on its label, presumably with the expectation of affecting sales, and the declaration of an expert who opined that the label claims would be material. *Jones,* 2014 WL 2702726, at *15. The *Jones* ruling on this issue is so tied to the evidence actually put forward in that case that a decision on appeal is unlikely to provide much guidance to the Court here, since Plaintiff's factual record is significantly more developed. Indeed, Plaintiff's evidence – which involved both a survey performed by Plaintiff's expert and Defendant's own consumer research (*see* ECF No. 76, at 1-5) – is superior to the evidence that the Court found to be sufficient in *Briseno,* where plaintiff relied entirely on surveys produced by either third parties or by defendant that were generic and not tailored to the specific products and claims. *See In re ConAgra Foods, Inc.,* 90 F. Supp. 3d at 1018; *see also Briseno,* 2017 WL 53421, at * 2 (affirming District Court's determination on materiality).

Plaintiffs respectfully suggest that the Ninth Circuit's decision to stay consideration of *Jones,* coupled with the issuance of the decisions in *Briseno* that overlap with the relevant issues in the *Jones* appeal, militate in favor of lifting the stay. If the Supreme Court rules against plaintiffs in *Microsoft* and finds that a plaintiff may not immediately appeal an adverse class certification ruling by voluntarily dismissing his individual claims, the Ninth Circuit will never reach the merits of the appeal in *Jones.* Even if the Court *were* to reach the merits, *Briseno*

8

already undercuts the ascertainability and superiority arguments that the *Jones* court relied upon. And, as to materiality, both decisions are sufficiently tied to the specific evidence proffered by plaintiffs in support of their motion that an additional appellate ruling is unlikely to provide useful guidance in this case, where Plaintiffs have presented different evidence.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court lift the stay and consider the merits of their Motion for Class Certification.

Dated: June 2, 2017                    Respectfully submitted,

By: /s/ Mark P. Kindall
Mark P. Kindall (State Bar No. 138703)
Robert A. Izard (admitted *pro hac vice*)
**IZARD, KINDALL & RAABE, LLP**
29 South Main Street, Suite 305
West Hartford, CT 06107
Telephone: (860) 493-6292
Facsimile: (860) 493-6290
mkindall@ikrlaw.com
rizard@ikrlaw.com

Elizabeth P. Lin (State Bar No. 174663)
**THE LIN LAW FIRM, APLC**
2705 S. Diamond Bar Blvd., Suite 398
Diamond Bar, CA 91765
Telephone: (909) 595-5522
Facsimile: (909) 595-5519
elizabethl@thelinlawfirm.com

Ronen Sarraf (admitted *pro hac vice*)
Joseph Gentile (admitted *pro hac vice*)
**SARRAF GENTILE LLP**
1055 Franklin Avenue, Suite 204
Garden City, New York 11530
Tel: (516) 699-8890
Fax: (516) 699-8968
ronen@sarrafgentile.com
joseph@sarrafgentile.com

|   |   |
|---|---|
| 1 | Nicole A. Veno |
| 2 | **LAW OFFICE OF NICOLE A. VENO, LLC** |
| 3 | 573 Hopmeadow Street |
|   | Simsbury, CT 06070 |
| 4 | Tel: (860) 474-4024 |
|   | Fax: (860) 474-3207 |
| 5 | nveno@venolaw.com |

*Attorneys for Plaintiffs*

**PLAINTIFF'S MOTION FOR RELIEF FROM STAY**